MILTON L. EDDY vs. LUCIUS P. COFFIN.

Suffolk.    March 25, 1889. — June 20, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Use and Occupation — Recoupment — Evidence — Record — Landlord
and Tenant Process — Res inter Alios.*

In an action for use and occupation the tenant cannot recoup the expense of moving from the premises during his tenancy because of an alleged breach of the landlord's agreement, if he would have been put to the same expense at the end of his tenancy.

In such an action the defendant cannot put in evidence the record of a judgment in a landlord and tenant process by a third person against the plaintiff, if no execution has issued thereon, and the defendant has received no notice and has not attorned to such third person, but has held under the plaintiff undisturbed until the end of his tenancy.

CONTRACT on an account annexed.  One item of the account was as follows: "Sept. 15.  To use and occupation of room in building No. 31 South Street in city of Boston, from July 1 to September 15, 1887, at $30 per month, $75."  Answer, a general denial, and that the plaintiff and the defendant had made an agreement, by the terms of which the plaintiff was to let to the defendant a room at 31 South Street, furnish to him steam power to run his machinery, and to permit the use of an elevator, all for thirty dollars per month; that during the month of July, 1887, the plaintiff ceased to furnish the steam power as agreed, and by reason thereof the defendant was obliged to move elsewhere in order to obtain the necessary steam power to carry out contracts which he then had on hand; and that the defendant was entitled to recoup damages by reason of the alleged breach of the agreement by the plaintiff.

At the trial in the Superior Court, before *Dunbar*, J., the defendant offered evidence of the agreement and the breach thereof, which was contradicted by the plaintiff; and the defendant testified that for moving his machinery he was obliged to pay a teamster the sum of twenty-seven dollars and sixteen cents. The judge instructed the jury to disregard the evidence as to the cost of moving, and instructed them that the defendant was

not entitled to recoup therefor. To these instructions the defendant excepted. The defendant further offered in evidence the record of a landlord and tenant process brought in the Municipal Court of the city of Boston against the present plaintiff, by writ dated August 12, 1887, for the possession of the premises in question. The record of that suit showed a judgment in favor of the plaintiff therein, but did not show that execution had ever issued thereon. The judge excluded this evidence, and the defendant excepted.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*P. H. Hutchinson,* for the plaintiff.

*C. H. Sprague,* for the defendant.

HOLMES, J. Whether the defendant moved in July or in September, he would have had to pay the cost of moving his machinery. Therefore he cannot attribute that payment to the plaintiff's breach of contract, if there was one, in failing to fur nish steam, and thus obliging him to go elsewhere before the end of his tenancy. The instruction that the defendant could not recoup for this item was correct.

The record of the recovery in the summary process by a third person against the plaintiff was rightly excluded. No execution had issued upon the judgment in that suit. The judgment alone did not disseise the plaintiff of the reversion. Indeed, so far as appears, it may not have been rendered until after the defendant's term. As an adjudication of facts it was *res inter alios.* If it had not been *res inter alios,* it would not have shown that the plaintiff's title had terminated after the beginning of the defendant's tenancy at will. If the plaintiff's title did terminate, the defendant received no notice from the owner of the reversion, and did not attorn to him. The defendant held under the plaintiff undisturbed until the end of his tenancy, and must pay him. See *Coburn* v. *Palmer,* 8 Cush. 124.

*Exceptions overruled.*