# R. R. LEWIS v. MINNEAPOLIS INVESTMENT COMPANY.[1]

September 29, 1922.

No. 22,913.

**Punitive damages for malicious eviction sustained.**

Evidence considered and *held* to justify a verdict for $300 as punitive damages in an action for malicious eviction.

Action in the municipal court of Minneapolis to recover $100 damages for malicious acts amounting to unlawful eviction. The case was tried before Baldwin, J., and a jury which returned a verdict for $358.83. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*George T. Simpson & John F. Dahl,* for appellant.

*George A. Lewis,* for respondent.

[1]Reported in 190 N. W. 70.

QUINN, J.

Appeal from a judgment of the municipal court of Minneapolis, entered on January 26, 1922. The facts are brief. There is but little if any conflict in the testimony. The defendant is a corporation organized under the laws of the state of South Dakota and authorized to do business in the state of Minnesota. It has property of the value of more than $100,000, and owns a large apartment building in the city of Minneapolis known as "The Antlers."

In August, 1920, plaintiff and defendant entered into an agreement whereby the defendant leased to plaintiff apartment No. 209 in "The Antlers," including furniture, fixtures, telephone, light and gas connections, at the monthly rental of $55, for the term of one year beginning September first. Plaintiff paid one month's rent in advance and entered into possession of the apartment on the first day of September. On September 18 defendant caused a written lease to be left at the office in the building for the plaintiff to sign. This writing provided for the payment of $60 per month for the first six months and $50 for the last six months. Plaintiff refused to sign the lease. On September 23 the defendant, through its general agent, caused the gas, electricity and telephone connections to be cut off and also informed the plaintiff that he was no longer a tenant of the apartment and told him to move out. The plaintiff vacated the premises and subsequently brought this action for punitive as well as actual damages. The cause was duly submitted to a jury and a verdict for $58.83 actual damages and $300 punitive damages was returned. The only question raised upon this appeal is whether the jury, in awarding such sum as punitive damages, were guilty of misconduct or were influenced by passion and prejudice.

The trial court, in submitting the case, said to the jury:

"If you find that there was an eviction made and if the plaintiff was obliged to leave the premises before he otherwise would have under his agreement and under the law, then you may proceed to another phase of the case and decide whether or not all the circumstances surrounding the transaction entitle the plaintiff to recover

what are known as punitive or exemplary damages. * * * Punitive or exemplary damages are by way of punishment, to punish the wrongdoer for what he has done and to deter him from committing a like offense in future. * * * You must take all the facts and circumstances into consideration and then award such an amount for punitive damages as you feel would be justifiable under the circumstances. Punitive damages are only allowable when one does an act maliciously. But in the contemplation of the law where one interferes with the rights of another knowingly and purposely, if at the same time he knows it is wrong and unlawful, then in contemplation of the law that is malicious. Punitive damages should not be excessive, should not be unreasonable. They should be fitted, as I have already said, to all the facts and circumstances in the case, taking into consideration the intent and purpose and motive of the one who is charged with the wrongful conduct."

The rule in this state is that where the acts complained of are shown to have been wanton, or malicious, or fraudulent, or oppressive, and of such a character as to indicate that the accused acted with a reckless disregard of the rights of the plaintiff, the jury in its discretion may award to the plaintiff, in addition to compensatory damages, such further reasonable amount as it may deem just under all the circumstances. Boetcher v. Staples, 27 Minn. 308, 7 N. W. 263, 38 Am. Rep. 295; Gardner v. Minea, 47 Minn. 295, 50 N. W. 199; Berg v. St. Paul City Ry. Co. 96 Minn. 513, 105 N. W. 191; Beaulieu v. Great Northern Ry. Co. 103 Minn. 47, 114 N. W. 353, 19 L. R. A. (N. S.) 564, 14 Ann. Cas. 462; 8 R. C. L. 582. The instruction was clearly within the rule, and under the evidence in the case it was for the jury to determine whether plaintiff was entitled to recover punitive damages, and, if so, the amount thereof. The amount allowed in the instant case was not so unreasonable as to justify this court in interfering with the same.

Affirmed.