BESINGER, Respondent, vs. McLOUGHLIN, Appellant.

*April 3—May 2, 1950.*

For the appellant there was a brief by *William F. Morris,* attorney, and *Albert S. Vanden Heuvel* of counsel, both of De Pere, and oral argument by *Mr. Vanden Heuvel.*

For the respondent there was a brief by *Boex & Frederickson,* attorneys, and *Evrard & Evrard* and *Joseph P. Holman* of counsel, all of Green Bay, and oral argument by *Bert E. Frederickson.*

BROWN, J. The defendant's appeal states the following propositions for our consideration:

1. *There is no evidence of an obligation by defendant to furnish heat and hot water, and the temporary stoppage of heat did not permanently and materially deprive plaintiff of the use of the premises.* The interval when the heat was cut off was comparatively short and as to heat we need not decide whether it was so substantial a wrongful act as to amount to an eviction. There was no formal lease, written or oral, and the terms of the tenancy must be sought in the conduct of the parties. The evidence is that plaintiff was defendant's tenant and for two and one-half years defendant

had furnished heat and hot water. We hold such evidence is sufficient to support a finding that they were provided by obligation and not gratuitously. It is immaterial that no such finding was expressly made. Defendant did not request one and by sec. 270.28, Stats., the finding is supplied by the court in conformity with its judgment.

2. *The finding that defendant caused the hot water to be shut off is unsupported by evidence and contrary to defendant's own testimony.* Defendant testified positively that he was not responsible for shutting off the hot water. His credibility was for the jury. He testified that he was dissatisfied because the tenant would not negotiate for a contribution to the cost of heat and that he did order plaintiff's radiator disconnected. Plaintiff's hot water stopped the next day but when defendant was notified of this by letter and charged with having shut it off although it was his obligation to furnish it, he remained indifferent to its absence, did not deny the charge, and replied defiantly. We consider it was the jury's right to disbelieve his testimony at the trial and to accept his conduct as proof that in person or by agent he had cut off the water.

3. *The action is on contract and will not support an award of punitive damages.* Defendant has misinterpreted the complaint. It does not seek damages for a breach of the contract to furnish heat and hot water but does allege that defendant or someone for him maliciously disconnected these services to prevent plaintiff from continuing his business. This is clearly an allegation of a tort, for which punitive damages may be allowed. We have found no Wisconsin case on similar facts but *Lewis v. Minneapolis Investment Co.* 153 Minn. 183, 190 N. W. 70, is directly in point and reaches the same conclusion.

4. *In the absence of malice, punitive damages are not recoverable and there is no evidence of malice.* To shut off a tenant's heat and hot water without legitimate cause when

the record shows the temperature was below zero, and when at any time he could not continue in business without the water is in itself strong evidence of malice (see *Lewis v. Minneapolis Investment Co., supra*), which is made even stronger by defendant's insulting reply to the tenant's protest.

5. *Plaintiff's accounting system does not take into consideration depreciation and inventories and forms an insufficient basis for the finding of actual damage.* Plaintiff put in evidence his cash journal which contains all his receipts and disbursements. We have received no analysis of this evidence in the brief or oral argument by his counsel and we cannot undertake, as a general rule, to audit a party's accounts to discover whether they prove or disprove his claims. Counsel's duty includes furnishing us in his brief with a summary of such accounts as he relies on to establish his point. In the present case the accounts are simple and we have been able to pick out the relevant receipts and disbursements, from which it appears that the jury's finding of actual damage is low rather than high. The finding, therefore, is sustained but the practice of leaving this task to the court without assistance by counsel is disapproved.

Appellant has not included the tenant's moving expense among the items of damage to which he makes objection. Accordingly, it has not received our consideration but since the expense must be incurred whenever the tenancy is terminated regardless of a wrongful act by the landlord, it may be questioned whether it is a proper element of damage. In the case at bar the finding is not attacked and it is not disturbed.

*By the Court.*—Judgment affirmed.