PER CURIAM.
Appellants/cross-appellees/defendants, Church of Scientology of California and Southern Land Development & Leasing Corp., appeal the final judgment entered in favor of appellees/cross-appellants/plain-tiffs, Paul M. and Sophie G. Wade.
Appellees brought suit against appellants for constructive eviction, breach of the implied covenant of quiet enjoyment, and breach of a written lease. There is competent, sufficient evidence to support the conclusion that appellees were constructively evicted in March of 1976, from the leased premises in the old Fort Harrison Hotel in which they operated a gift shop. The issue of damages presents more difficulty.
Appellees pled for damages resulting from lost profits and the lost value of the leasehold. The court expressly found that appellees had failed to establish these damages by the greater weight of the evidence. The court did award relocation costs of $18,400, but the only evidentiary predicate for these damages is found in the following testimony of one of appellees concerning the opening of a new shop at 426 Cleveland Street.
Q What is the general overall picture of the Daisy Shop, 426 Cleveland Street?
A I can give you a figure for the net gross for the entire period of operations through December 1st, December 31st of 1976 from the day of opening which is May something. Is this regarding the investment, that is to say the cost of building the shop, putting in the fixtures and increased inventory.
Q How much was that, sir?
A Net loss, approximately $6,500.
THE COURT: I think the question was, what was the start of the cost, the cost to move to re-equip the new shop— things of that nature?
A I misunderstood the question. Disregarding the fixtures and their value that were removed from the Fort Harrison and ultimately used in the new shop, material and labor totaled approximately $18,400. . . .
The matter was not further pursued even though the $18,400 figure obviously included the costs incident to opening the new gift shop which had a floor space almost ten times as large as the old one.
*887 Aside from the fact that relocation costs were never claimed by appellees and the proof thereof lay solely in the foregoing colloquy, we cannot see how such costs could constitute a proper element of damage in the ease of constructive eviction under a short term lease. Here the lease would have expired of its own accord eleven months later at which time appellees would have been faced with having to pay relocation costs without prospect of reimbursement. In the words of Justice Holmes before he became a member of the United States Supreme Court:
Whether the defendant moved in July or in September, he would have had to pay the cost of moving his machinery; therefore he cannot attribute the payment to the plaintiff’s breach of contract, if there was one, in failing to furnish steam, and thus obliging him to go elsewhere before the end of his tenancy. The instruction that the defendant could not recoup for this item was correct.
Eddy v. Coffin, 149 Mass. 463, 21 N.E. 870 (1889); accord, Besinger v. McLoughlin, 257 Wis. 56, 42 N.W.2d 358 (1950); Knapp v. Guerin, 144 La. 754, 81 So. 302 (1919); Pierce v. Hedden, 105 La. 294, 29 So. 734 (1901). Even if the issue of relocation costs had been tried and the amount of those costs had been established, the most appel-lees would have been entitled to recover was eleven months’ interest on what it would cost to relocate to comparable premises.
Accordingly, the final judgment is reversed and set aside. We have considered the other points raised on appeal and cross-appeal by appellants and appellees and hold they are without merit.
REVERSED.
BOARDMAN, C. J., and HOBSON, J., concur.
GRIMES, J., concurs in part, dissents in part.