DR. BARBARA THOMPSON, State Superintendent Department of PublicInstruction
You request my opinion whether a city council or village board in the exercise of home-rule powers, under Wis. Const. art. XI, see. 3, and sec. 66.01, Stats., can lawfully change the composition of its municipal library board and can limit powers of such board granted by ch. 43, Stats., in the following specific areas: *Page 55 
 1. By enlargement of the number of members beyond those specified in sec. 43.54 (1)(a), Stats.
 2. By appointment of more than one member of the municipal governing body to such board where sec. 43.54
(1)(c), Stats., provides "[n]ot more than one member of the municipal governing body shall at any one time be a member of the library board."
 3. By restricting the library board from acquiring certain library materials or equipment, where sec. 43.58
(1), Stats., provides that "[t]he library board shall have exclusive control of the expenditure of all moneys collected, donated or appropriated for the library fund."
 4. By granting the municipal clerk power to disapprove vouchers for library expenditures which have been audited and approved by the library board pursuant to sec. 43.58 (2), Stats.
 5. By assumption of powers of appointment and establishment of compensation of librarians and library employes where sec. 43.58 (4), Stats., provides that such powers are to be exercised by the library board.
In my opinion, the answer is yes as to all of the subquestions.
In State ex rel. Michalek v. LeGrand, 77 Wis.2d 520, 526-30,253 N.W.2d 505 (1977), the court held that an ordinance providing for withholding of rent payments by tenants until premises are free of violations of city building and zoning ordinances is primarily and paramountly an enactment which is a matter of the city's "local affairs and government" and, thus, authorized by the home-rule amendment. The court reviewed:
 [T]he reach and impact of the municipal home rule amendment to the Wisconsin Constitution, providing:
 "Cities and villages organized pursuant to state law are hereby empowered, to determine their local affairs and government, subject only to this constitution and to such enactments of legislature of state-wide concern as shall with uniformity affect every city or every village. . . ." *Page 56 
 Our court has held at an early date that this home rule amendment accomplishes two things, in some measure distinct: (1) It makes a direct grant of legislative power to municipalities; and (2) it limits the legislature in the exercise of its general grant of legislative power. It does the first ". . . by expressly giving cities and villages the power `to determine their local affairs and government.'" It does the second ". . . by limiting . . . the legislature in its enactments in the field of local affairs of cities and villages." Such a constitutional expression of the will of the people is to be liberally construed.
 In defining what is or is not a matter for such empowerment, which is constitutionally granted to cities and villages in this state "to determine their local affairs and government, "our court has outlined three areas of legislative enactment: (1) Those that are "exclusively of state-wide concern"; (2) those that "may be fairly classified as entirely of local character"; and (3) those which "it is not possible to fit . . . exclusively into one or the other of these two categories."
 As to the third "mixed bag" category of situations, our court has recognized ". . . that many matters while of `state-wide concern,' affecting the people and state at large somewhat remotely and indirectly, yet at the same time affect the individual municipalities directly and intimately, can consistently be, and are, `local affairs' of this [home rule] amendment."
 Whether a challenged legislative enactment, state or local, possessing aspects of "state-wide concern" and of "local affairs," is primarily or paramountly a matter of "local affairs and government" under the home rule amendment or of "statewide concern" under the exception thereto is for the courts to determine.
 Since the ordinance here challenged is held to be in the field of "local affairs and government's under the home rule amendment, the doctrine of preemption does not apply. In an area solely or paramountly of state-wide concern, the legislature may either delegate to local units of government ". . . a limited authority or responsibility to further proper public interests," or may preempt the field by expressly banning local legislative action as *Page 57 
 to such matter of statewide concern. As to an area solely or paramountly in the constitutionally protected area of "local affairs and government," the state legislature's delegation of authority to legislate is unnecessary and its preemption or ban on local legislative action would be unconstitutional.
 Even if there were conflict or potential for conflict between the challenged ordinance — enacted to secure compliance with the local building and zoning code, and the state statute — providing for receivership to abate nuisances, it would be the doctrine of paramountcy, not the concept of preemption, that would here be applicable.
Section 43.52, Stats., permits, but does not require, municipalities to establish, equip, and maintain a public library and levy a tax or appropriate money therefor. Sections 43.01 and43.05, Stats., provide that the Department of Public Instruction shall provide certain services in the nature of planning, coordination, and development of public library services, but does not grant the state supervisory power over municipal libraries. State aid is granted to library systems rather than tomunicipal libraries under sec. 43.24, Stats. The provisions of secs. 43.52 (1), (2), 43.54 (1), 43.58, 43.62, Stats., are evidence of a legislative intent that municipal libraries be primarily operated by and for the inhabitants of the municipality. The Legislature has not included any statement within ch. 43, Stats., to the effect that municipal libraries, or for that matter, library systems, are a matter of statewide concern. Services provided by a municipal library primarily affect the individual municipalities, and the inhabitants therein, "directly and intimately." They do affect the general public of the state and state at large "somewhat remotely and indirectly."
In Wis. Environmental Decade, Inc. v. DNR, 85 Wis.2d 518, 530,271 N.W.2d 69 (1978), it was held that "the quality of waters of Lakes Mendota and Monona has a clear non-local impact and is emphatically a matter of state-wide concern" and not a local affair. The court stated: `Local affairs' has been construed to include matters which primarily affect the people of the locality, in contrast to matters of `statewide concern' which affect all the people of the state." *Page 58 
I conclude that whereas the state has an interest in municipal libraries, they are a matter of paramount local concern as opposed to a statewide concern and are subject to otherwiseconstitutional local legislative enactments under the home-rule provisions of the state constitution.
You inquire whether a local library's membership in a library system would change my answer to these questions.
It would. Your letter does not set forth sufficient facts to determine whether the library in question is part of a library system, or if so, whether a federated or consolidated system is involved. I am of the opinion that secs. 43.09, 43.13-43.24, Stats., are legislative enactments of statewide concern insofar as they relate to library systems. Participation in such a systemby a municipal library would probably change its status from that which is primarily a local affair. See discussion in 63 Op. Att'y Gen. 317, 319 (1974). Section 43.18, Stats., provides for a method of orderly withdrawal from a public library system at the option of the governing body of the municipality. A court might hold that although withdrawal could be effected, that as long as the library was a part of the system, the municipal library is required to be structured and operated in the manner prescribed by the Legislature under applicable statutes.
Finally, irrespective of whether municipal libraries are matters of paramount local concern or whether they are matters of statewide concern, special care must be exercised by local and state authorities to avoid infringement of first amendment rights of readers. Although neither the state nor local authorities are required to operate libraries, a constitutionally protected interest may be created once a library is in operation and in order to remove a book from circulation, officials must demonstrate some substantial and legitimate governmental interest. The right to read and be exposed to controversial thoughts and language is a valuable right subject to first amendment protection. Right To Read Defense Com. v. School Com.,Etc., 454 F. Supp. 703 (D. Mass. 1978).
BCL:FJS *Page 59