DANAHY, Judge.
The Bruces sued for rents due them as sublessors of commercial property. In the amended final judgment before us, appel-lees, sublessees of the property, were awarded damages on their counterclaim. The Bruces contend that the trial court should have directed a verdict in their favor on the counterclaim. We agree and reverse.
Appellees’ counterclaim was founded on three theories: (1) fraudulent misrepresentation of the premises; (2) intentional interference with appellees’ business relationships; and (3) retaliatory and wrongful eviction. Each theory requires proof of damages. See Charter Air Center, Inc. v. Miller, 348 So.2d 614 (Fla. 2d DCA), cert. denied, 354 So.2d 983 (Fla.1977); Nichols v. MoAmCo Corp., 311 So.2d 750 (Fla. 2d DCA 1975); Berwick Corp. v. Kleinginna Investment Corp., 143 So.2d 684 (Fla. 3d DCA 1962).
*52 At trial, the only evidence of any damages suffered by appellees was the testimony of Douglas England that appellees had incurred $9,958 for relocation expenses. However, the Bruces presented unrebutted evidence showing that any such relocation expenses were only, incurred after a court order awarded them possession of the premises. Relocation expenses incurred after a lawful eviction may not be awarded as damages. Church of Scientology of California v. Wade, 358 So.2d 885 (Fla. 2d DCA 1978).
Because they failed to prove damages on any of their theories, appellees did not establish a prima facie case. Hence, because there was no evidence upon which an award of damages could be entered in favor of appellees on their counterclaim, the trial court should have directed a verdict in favor of the Bruces. Accordingly, we reverse the amended final judgment and remand with directions to the trial court to enter a directed verdict and judgment for the Bruces on the counterclaim.
REVERSED AND REMANDED with instructions.
SCHEB, A.C.J., and CAMPBELL, J., concur.