# COURT OF APPEALS
## DECISION
## DATED AND FILED

## January 24, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP876**

STATE OF WISCONSIN

Cir. Ct. No. 2019CV9306

IN COURT OF APPEALS
DISTRICT I

ALWAYS TOWING AND RECOVERY, INC. AND JASON PEHOWSKI,

PLAINTIFFS-APPELLANTS,

V.

CITY OF MILWAUKEE,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Milwaukee County: WILLIAM S. POCAN, Judge. *Affirmed in part; reversed in part and cause remanded*.

Before Brash, C.J., Donald, P.J., and Dugan, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Always Towing and Recovery, Inc. and Jason Pehowski (collectively Always Towing) appeal an order of the circuit court granting summary judgment in favor of the City of Milwaukee.  On appeal, Always Towing argues that two ordinances promulgated by the City—MILWAUKEE, WIS., CODE § 93-47-3 (2019) (the "drop fee" ordinance) and MILWAUKEE, WIS., CODE § 93-47-2-h (2019) (the "reporting" ordinance)—are preempted by state law and, therefore, invalid.  Additionally, Always Towing argues that the reporting ordinance promulgated by the City violates the Fourth Amendment.

¶2     We disagree that the drop fee ordinance is preempted by state law; however, we agree that the reporting ordinance is preempted by state law.  Thus, we conclude that the drop fee ordinance is valid, and the reporting ordinance is invalid.  Consequently, we affirm that part of the circuit court's order granting summary judgment in favor of the City as it relates to the drop fee ordinance, and we reverse that part of the circuit court's order granting summary judgment in favor of the City as it relates to the reporting ordinance.  As a result of our conclusion, we do not reach Always Towing's argument that the reporting ordinance violates the Fourth Amendment.  *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989).

## BACKGROUND

¶3     Always Towing, owned and operated by Pehowski, has provided towing services in the Milwaukee area since approximately 1999.  In December 2019, Always Towing filed an action for declaratory judgment, challenging two ordinances passed by the City that govern the nonconsensual towing of vehicles parked on private property.  These two ordinances are referred to as the City's

drop fee ordinance and the reporting ordinance. *See* MILWAUKEE, WIS., CODE §§ 93-47-2-h, 93-47-3. Always Towing sought a declaratory judgment that both ordinances were invalid because both ordinances were preempted by state law. Additionally, in an amended complaint filed in March 2020, Always Towing also sought to have the reporting ordinance invalidated because it violated the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment.[1]

¶4     Always Towing alleged that it has incurred substantial costs and continues to incur substantial costs to comply with the two ordinances. Always Towing further alleged that, after the two ordinances were passed, it became aware that the information provided as a result of the reporting ordinance would be shared with the City's licensing committee and used to make decisions regarding Always Towing's license to operate a towing business in Milwaukee.

¶5     The circuit court denied a request from Always Towing for a temporary injunction, and both parties subsequently filed motions for summary judgment.[2] The circuit court granted summary judgment in favor of the City. In so doing, the circuit court agreed with the City and found that neither of the ordinances were preempted and that the reporting ordinance was not a violation of the Fourth Amendment. The circuit court, thus, found the ordinances to be valid

---

[1] Always Towing has not pursued any argument regarding a violation of the Due Process Clause on appeal. Regardless, we would not address any such argument as a result of our conclusion today that the reporting ordinance is invalid as a result of being preempted. *See* ***State v. Blalock***, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989).

[2] In addition to arguing that the ordinances were valid, the City argued that the case should be dismissed because the Attorney General had not been properly served. The circuit court adjourned the proceedings for the Attorney General to be properly served, and the City has not pursued this argument further.

and granted summary judgment in favor of the City. Always Towing now appeals.

## DISCUSSION

¶6 On appeal, Always Towing raises the same arguments that the drop fee ordinance and the reporting ordinance are preempted by state law. Always Towing further argues that the reporting ordinance violates the Fourth Amendment. Thus, it argues that the ordinances should be declared invalid and summary judgment should be granted in its favor.

¶7 We conclude that the drop fee ordinance is not preempted by state law, but the reporting ordinance is preempted by state law. Consequently, we conclude that the drop fee ordinance is valid and summary judgment is properly granted in favor of the City as to the drop fee ordinance. However, we also conclude that the reporting ordinance is invalid as a result of its preemption, and summary judgment is properly granted in favor of Always Towing as to the reporting ordinance. We address each ordinance in detail below.

*A. Governing Legal Principles*

¶8 Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2) (2019-20).[3] "Whether the circuit court properly granted summary judgment is a question

---

[3] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

4

of law that this court reviews *de novo*." ***Racine Cnty. v. Oracular Milwaukee, Inc.***, 2010 WI 25, ¶24, 323 Wis. 2d 682, 781 N.W.2d 88 (emphasis added; citation omitted).

¶9 In this case, Always Towing argues that summary judgment should be granted in its favor because both the drop fee ordinance and the reporting ordinance have been preempted and are thus invalid. Whether the City's ordinances have been preempted requires that we consider: "(1) whether the legislature has expressly withdrawn the power of municipalities to act; (2) whether the ordinance logically conflicts with the state legislation; (3) whether the ordinance defeats the purpose of the state legislation; or (4) whether the ordinance goes against the spirit of the state legislation." ***Wisconsin Carry, Inc. v. City of Madison***, 2017 WI 19, ¶64, 373 Wis. 2d 543, 892 N.W.2d 233 (citation omitted). "Should any one of these tests be met, the municipal ordinance is void." ***DeRosso Landfill Co. v. City of Oak Creek***, 200 Wis. 2d 642, 652, 547 N.W.2d 770 (1996). "The question of whether a statute preempts a municipal ordinance raises a question of law which we review independently[.]" ***Id.***

¶10 To determine whether the ordinances have been preempted, we must interpret the relevant statutes, regulations, and ordinances. "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" ***State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). We give statutory language "its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." ***Id.*** "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." ***Id.***, ¶44. We review issues of statutory

interpretation independently. *See **Noffke ex rel. Swenson v. Bakke***, 2009 WI 10, ¶9, 315 Wis. 2d 350, 760 N.W.2d 156.

¶11    Having established the legal principles governing this case, we now turn to Always Towing's arguments that the drop fee ordinance and the reporting ordinance have been preempted.

*B.  Preemption of the Drop Fee Ordinance*

¶12    Always Towing first challenges the drop fee ordinance. The drop fee ordinance at issue here provides that no fee shall be charged for a nonconsensual tow in the case that an owner or authorized operator of the vehicle arrives before the vehicle to be towed is attached:

> Except for a vehicle issued a repossession judgment and unless otherwise directed by a police officer, if the owner or authorized operator of any motor vehicle to be towed is present and offers to remove the vehicle from the property or correct the violation before the vehicle is attached in any way to the tow truck, no fee shall be charged the vehicle owner.

MILWAUKEE, WIS., CODE § 93-47-3.  However, if the vehicle is not yet fully hooked up but the process to tow the vehicle has begun, the vehicle may be "dropped" for a fee:

> If a tow truck operator has attached equipment for towing to the vehicle to be towed, but is not yet fully hooked up, as defined in s. 93-3-10, the vehicle shall not be towed upon request of the vehicle owner or authorized operator.  The owner or authorized operator shall be liable for a drop fee in an amount not to exceed $50, in lieu of towing, provided the vehicle owner or authorized operator is willing and able to pay the drop fee and remove the vehicle or otherwise correct the violation.

*Id.* In such an instance, "the tow truck operator shall advise the owner or authorized operator of the motor vehicle that he or she may offer payment of the towing drop fee and shall provide the owner or authorized operator of the motor vehicle 5 minutes to make payment of the towing drop fee." *Id.*

¶13 Always Towing argues that this drop fee ordinance is preempted by WIS. STAT. § 349.13(3m) and WIS. ADMIN. CODE § TRANS 319.03 (Jan. 2016), which together create a comprehensive fee schedule for nonconsensual towing services and do not leave room for the City to enact the drop fee ordinance. In particular, Always Towing argues that § 349.13(3m) creates a right to "immediately" tow a vehicle, and the drop fee ordinance interferes with that right when it requires the towing company to discontinue the towing process if the vehicle owner or authorized operator arrives before the vehicle is fully hooked up. Always Towing further argues that § 349.13(3m)(e) authorizes the Department of Transportation (DOT) to promulgate rules providing a fee structure that may be charged for towing services, that the DOT set forth a fee structure for towing services in § TRANS 319.03, and the drop fee ordinance is an "entirely new fee category" that is not authorized by either the statute or the regulation.[4]

¶14 We disagree with Always Towing, and we conclude that the drop fee ordinance is not preempted. Rather, we conclude that the drop fee ordinance falls into a gap in state law where the owner or authorized operator of the vehicle to be

---

[4] Always Towing additionally argued in its opening brief that the City's authority to pass the drop fee ordinance was expressly withdrawn by WIS. STAT. §§ 349.03 and 349.06. As the City correctly points out, these two statutes apply to WIS. STAT. chs. 341 to 348 and 350, and the relevant statute here is located in WIS. STAT. ch. 349. *See* §§ 349.03, 349.06. Always Towing does not pursue this argument further in its reply brief, and consequently, we do not address it further.

7

towed arrives before the tow of the vehicle occurs. The drop fee ordinance, therefore, does not logically conflict with, defeat the purpose of, or go against the spirit of the state legislation. *See Wisconsin Carry, Inc.*, 373 Wis. 2d 543, ¶64.

¶15 First, we address Always Towing's argument that the drop fee ordinance conflicts with an "immediate" right to tow a vehicle created by WIS. STAT. § 349.13(3m). In response, the City argues that the drop fee ordinance addresses a situation that is not addressed by § 349.13(3m) when the vehicle owner arrives before the vehicle is towed. Thus, the City argues that there is no conflict between the statute and the drop fee ordinance. We agree.

¶16 Under the statute, a vehicle "parked on the private property and … not authorized to be parked there … *may* be removed immediately" without the owner's consent and at the owner's expense. WIS. STAT. § 349.13(3m)(b), (c) (emphasis added). On the other hand, the City's drop fee ordinance covers a situation in which the vehicle's operator arrives before the tow is complete and the vehicle is removed. By contrast, the statute says nothing about the procedure to be followed in the case that the vehicle owner arrives prior to the completion of the towing process. There is, therefore, no logical conflict between the statute and the drop fee ordinance because the drop fee ordinance covers a separate situation from the statute. The drop fee ordinance also cannot be said to defeat the purpose of the statute or go against the spirit of the statute if the statute and the drop fee ordinance cover two different situations.

¶17 Second, we address Always Towing's argument that the drop fee ordinance is preempted by the fee structure created by the DOT under the authority of the statute. Under WIS. STAT. § 349.13(3m)(e), the DOT is authorized to promulgate rules establishing "[r]easonable charges for removal and storage of

vehicles … when no citation has been issued." The DOT then adopted WIS. ADMIN. CODE § TRANS 319.03, which states:

> A towing service may charge a vehicle owner ordinary and reasonable fees related to removal and storage of the vehicle from private property under [WIS. STAT. § 349.13(3m)], except that no charges may exceed the following individual total amounts:
>
> (a) $150 for a vehicle removed using a flatbed, hook and chain, wheel-lift, boom, or any other method.
>
> (b) $25 for each period of 24 consecutive hours that the vehicle is stored at an outdoor storage facility.
>
> (c) $35 for each period of 24 consecutive hours that the vehicle is stored at an indoor storage facility.
>
> (d) $150 for any other necessary and commercially reasonable charges relating to the use of special equipment in the removal or storage, or both, of the vehicle, and for any expenses incurred by the towing service relating to travel exceeding twenty miles. Administrative fees, gate fees, lien processing fees, or any other fees for equipment or procedures ordinarily required for the removal or storage of a vehicle may not be charged under this paragraph. A towing service may collect charges under this paragraph only if any of the following applies….

The regulation then authorizes a municipal service fee not to exceed $35 and a tow fee not to exceed $35. *Id.* It also provides a structure for storage period fees. *Id.*

¶18 Always Towing argues that because there is no drop fee listed in the regulation, the City is not authorized to create a new fee category and impose a drop fee. However, we conclude that the drop fee is not precluded by the fee structure in the DOT regulation because the drop fee falls into a gap where the owner arrives before the tow is complete. The regulation states that a towing service may charge "ordinary and reasonable fees related to removal and storage of the vehicle" and then lists several types of fees that may not be exceeded when a vehicle is removed and stored. WIS. ADMIN. CODE § TRANS 319.03. The drop

9

fee, on the other hand, applies before the removal or storage of a vehicle has taken place. Consequently, the drop fee applies in a situation different from that covered under the fees outlined in the regulation and does not logically conflict with, defeat the purpose of, or go against the spirit of the state laws.[5]

¶19    Overall, we conclude that the drop fee ordinance operates in a gap in which the state legislation does not operate. "[M]unicipalities may enact ordinances in the same field and on the same subject covered by state legislation where such ordinances do not conflict with, but rather complement, the state legislation." *DeRosso Landfill Co.*, 200 Wis. 2d at 651 (citation omitted). "Neither one blocks the way of the other, so both can here proceed[.]" *See State ex rel. Michalek v. LeGrand*, 77 Wis. 2d 520, 530, 253 N.W.2d 505 (1977). Thus, we conclude that the drop fee ordinance is not preempted and is valid.

### C. Preemption of the Reporting Ordinance

¶20    Always Towing next challenges the reporting ordinance. The reporting ordinance provides:

> For every vehicle nonconsensually towed for which the towing business receives a tow reference number, not including a vehicle towed as part of a repossession conducted under [WIS. STAT. § 425.205], the towing business shall provide the [C]ity with an electronic, itemized receipt of the transaction, including any special equipment used for the tow and the associated cost, within 60 days of the tow.

---

[5] Always Towing further contends that a drop fee that was promulgated in 2014 as part of the first emergency rule, but was not included in subsequent emergency rules or the final rule, indicates that the drop fee ordinance is now preempted. *See* Em. R. 1425 (effective Oct. 2, 2014; expired Feb. 28, 2015). However, Always Towing fails to show how the simple fact of the DOT's original consideration of a drop fee in the first emergency rule—which we note is drastically different from the final rule—indicates that the City's ordinance is now preempted.

MILWAUKEE, WIS., CODE § 93-47-2-h. Always Towing argues that this ordinance is preempted by WIS. STAT. § 349.13(3m)(d)2., which provides:

> Before any vehicle is removed under par. (b) to (c) by a towing service, the towing service shall notify a local law enforcement agency of the make, model, vehicle identification number, and registration plate number of the vehicle and the location to which the vehicle will be removed.

¶21　As it relates to the reporting ordinance, we agree with Always Towing, and we conclude that the reporting ordinance logically conflicts with WIS. STAT. § 349.13(3m)(d)2. *See **Wisconsin Carry, Inc.***, 373 Wis. 2d 543, ¶64.

¶22　In this instance, both the statute and the reporting ordinance provide that the towing company must report information related to a vehicle towed from private property and without the owner's consent. In the case of the statute, the towing company provides the information to local law enforcement, *see* WIS. STAT. § 349.13(3m)(d)2., and in the case of the reporting ordinance, the towing company provides the information to the City, *see* MILWAUKEE, WIS., CODE § 93-47-2-h. Thus, unlike the drop fee ordinance, the reporting ordinance does not operate in a gap in the state law. Rather, the reporting ordinance operates in the same space covered by the statute and requires the towing company to report information after a tow has been complete. The statute and the ordinance, however, indicate that the towing company must provide different information and to different authorities. They are, therefore, in logical conflict with one another given that they operate in the same space, but provide opposing directions as to what information to provide and where to provide it. *See **DeRosso Landfill Co.***, 200 Wis. 2d at 651; *see also **State ex rel. Michalek***, 77 Wis. 2d at 530. Accordingly, we conclude that the reporting ordinance is thus preempted and invalid.

**CONCLUSION**

¶23    We conclude that the drop fee ordinance has not been preempted by state law and is valid. However, we further conclude that the reporting ordinance has been preempted by state law and is invalid. Accordingly, we affirm the part of the circuit court's order granting summary judgment in favor of the City as it relates to the drop fee ordinance. However, we reverse that part of the circuit court's order granting summary judgment in favor of the City as it relates to the reporting ordinance, and we remand with directions to grant summary judgment in favor of Always Towing with regards to the reporting ordinance.

*By the Court.*—Order affirmed in part and reversed in part and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.