Fox, Respondent, vs. CITY OF RACINE and others, Appellants.

*September 13—October 12, 1937.*

The cause was submitted for the appellants on the brief of *Cornelius M. Colbert,* city attorney, and for the respondent on that of *Weisman & Weisman* of Racine.

FRITZ, J. The ordinance, which the court adjudged void and unenforceable in the judgment under review, was enacted by the common council of the city of Racine in October, 1934, and prohibits entirely the promotion, conduct, etc., of "any mental or physical endurance contest in the nature of a marathon, walkathon, skatathon or any" similar endurance contest. Subsequent to that enactment the legislature enacted sec. 352.48 (1), Stats. 1935, which provides,—

"352.48 *Endurance contests; penalty.* (1) No person, firm or corporation shall advertise, operate, maintain, attend, participate in, promote or aid in advertising, operating, maintaining or promoting any physical endurance contest, exhibition, performance, or show in the nature of a 'marathon,' 'walkathon,' 'skatathon,' or any other physical endurance contest, exhibition, performance or show of a like or similar nature, whether or not an admission is charged or a prize is awarded to any person for participation in such physical endurance contest, wherein any person participates in such contest for a period of more than sixteen hours in any twenty-four hours over a period of more than six days in one month."

The trial court considered the enactment of the ordinance within the powers of the city of Racine under sec. 3, art. XI, Const., and sec. 62.11 (5), Stats., the provisions of which are, respectively, as follows:

"Cities and villages organized pursuant to state law are hereby empowered, to determine their local affairs and government, subject only to this constitution and to such enactments of the legislature of state-wide concern as shall with uniformity affect every city or every village. . . ." (Sec. 3, art. XI, Const.)

"Except as elsewhere in the statutes specifically provided, the council shall have the management and control of the city property, finances, highways, navigable waters, and the public service, and shall have power to act for the government

and good order of the city, for its commercial benefit, and for the health, safety, and welfare of the public, and may carry out its powers by license, regulation, suppression, borrowing of money, tax levy, appropriation, fine, imprisonment, confiscation, and other necessary or convenient means. The powers hereby conferred shall be in addition to all other grants, and shall be limited only by express language." (Sec. 62.11 (5), Stats.)

As the court rightly concluded, it appears from the section last quoted "that the city may carry out its valid powers by license, regulation, or suppression, . . . and other necessary or convenient means, and that if any enterprise offends against its valid ordinances, the good order of the city, or the health, safety and welfare of the people, an issued license may be revoked and other means of regulation or suppression not inconsistent with state law invoked and enforced." However, in that connection the court stated that by sec. 352.48 (1), Stats. 1935, the legislature did limit by express language the provisions of the city ordinance; and "declared a physical endurance contest not exceeding the restrictions and limitations so prescribed by it to be legal." Upon those statements, the court concluded that sec. 352.48 (1), Stats., does limit by express language the provisions of the city ordinance within the meaning and contemplation of the last provision in sec. 62.11 (5), Stats., to wit, "The powers hereby conferred . . . shall be limited only by express language;" and that therefore the ordinance was superseded and was rendered null and ineffective by the statute.

An examination of sec. 352.48 (1), Stats. 1935, does not disclose any basis, in the nature of any express language in that statute, for that conclusion. In so far as legislative action is concerned, the most that can be said is that the legislature, in prohibiting such contests only where their duration exceeds in point of time the period specified in the statute, has by implication indicated tolerance thereof when they are not conducted in excess of that period. But, even if such con-

tests, when not conducted in excess of the period specified in sec. 352.48 (1), Stats., can be deemed legalized thereby by implication, that implication cannot be held to constitute such "express language" as is required by sec. 62.11 (5), Stats., in order to effectively limit the city's powers thereunder to enact and enforce such an ordinance. Because the limitation of those powers otherwise than by "express language" is specifically precluded in this state by the last clause in sec. 62.11 (5), Stats., the decision in *National Amusement Co. v. Johnson,* 270 Mich. 613, 259 N. W. 342, is not in point. "That sec. 62.11," as we said in *Hack v. Mineral Point,* 203 Wis. 215, 219, 221, 233 N. W. 82, "confers power far beyond that conferred in the so-called general welfare clause of the general charter as it stood prior to 1921 is plain, and a city operating under the general charter, finding no limitations in express language, has under the provisions of this chapter all the powers that the legislature could by any possibility confer upon it." That, however, was qualified by the proposition that "Where . . . the state has entered the field of regulation, municipalities may not make regulation inconsistent therewith." That is in accord with the rule that "a municipality cannot lawfully forbid what the legislature has expressly licensed, authorized or required, or authorize what the legislature has expressly forbidden." 19 R. C. L. pp. 803, 804, § 110. However, as is stated in that connection,—

"The mere fact that the state, in the exercise of the police power, has made certain regulations does not . . . prohibit a municipality from exacting additional requirements. So long as there is no conflict between the two, and the requirements of the municipal by-law are not in themselves pernicious, as being unreasonable or discriminatory, both will stand, but municipal authorities, under a general grant of power, cannot adopt ordinances which infringe the spirit of a state law or are repugnant to the general policy of the state."

And, as is stated in 43 C. J. pp. 219, 220, § 220 (b),—

"As a general rule, additional regulation to that of the state law does not constitute a conflict therewith. The fact that an ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict therewith, unless the statute limits the requirement for all cases to its own prescriptions."

In applying those principles, this court said in *Milwaukee v. Childs Co.* 195 Wis. 148, 151, 217 N. W. 703, 705, that "municipalities may enact ordinances in the same field and on the same subject covered by state legislation where such ordinances do not conflict with, but rather complement, the state legislation." Likewise in point are *Brittingham & Hixon Lumber Co. v. Sparta,* 157 Wis. 345, 147 N. W. 635, and *Caeredes v. Platteville,* 213 Wis. 344, 349–351, 251 N. W. 245. In the latter case, in holding that city ordinances regulating the licensing of theater buildings, which were more exacting and drastic in their requirements than applicable safety requirements prescribed by the industrial commission under state statutes, were not in such conflict with the latter as to render the ordinances void, we said (p. 350) :

"There is no conflict between any of the 'general orders' or requirements of the building code and the ordinances in question. City ordinances go more into detail and may include severer regulations, when reasonably necessary, than those of the state code. . . . The safety requirements fixed by the commission have been increased, but the increased requirements have in no sense of the word run counter to the state requirements. The city moved in the same direction the commission did; it has gone farther but not counter to the building code."

The statute, as well as the ordinance, in the case at bar, is prohibitory, and the difference between them is only that the ordinance goes farther in its prohibition,—but not counter to the prohibition under the statute. The city does not attempt to authorize by this ordinance what the legislature has forbidden; nor does it forbid what the legislature has expressly licensed, authorized, or required. Under those cir-

cumstances there is nothing contradictory between the provisions of the statute and of the ordinance because of which they cannot coexist and be effective. Unless legislative provisions are contradictory in the sense that they cannot coexist, they are not to be deemed inconsistent because of mere lack of uniformity in detail. *Bodkin v. State* (Neb.), 272 N. W. 547; *City of Mobile v. Collins,* 24 Ala. App. 41, 130 So. 369. Consequently, there is no conflict or inconsistency between the statute and the ordinance in question because of which the latter has been superseded by the statute, and, therefore, rendered invalid and ineffective. It follows that the court erred in overruling the demurrer.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter an order sustaining the demurrer to the complaint.