STATE EX REL. BRELSFORD, Respondent, V. RETIREMENT BOARD OF THE POLICEMEN'S ANNUITY & BENEFIT FUND OF MILWAUKEE, Appellant.

*No. 158. Argued November 25, 1968.—Decided December 20, 1968.*
(Also reported in 163 N. W. 2d 153.)

For the appellant there were briefs by *Whyte, Hirschboeck, Minahan, Harding & Harland,* attorneys, and *Don S. Peterson* of counsel, all of Milwaukee, and oral argument by *Mr. Peterson.*

For the respondent there was a brief by *Foley, Sammond & Lardner,* attorneys, and *Robert A. Christensen* of counsel, all of Milwaukee, and oral argument by *Mr. Christensen.*

WILKIE, J.   The only issue raised by this appeal is whether Milwaukee's Charter Ordinance No. 22, 1927, is a presently effective exercise of home-rule authority granted by art. XI, sec. 3 of the Wisconsin Constitution which reads, in part, as follows:

"SECTION 3. Cities and villages organized pursuant to state law are hereby empowered, to determine their local affairs and government, subject only to this constitution and to such enactments of the legislature of statewide concern as shall with uniformity affect every city or every village. The method of such determination shall be prescribed by the legislature."

This constitutional provision does not leave it to the municipality concerned or the legislature to define what is a local affair or what is a matter of statewide concern.[3] In the landmark *Van Gilder* decision, this court decided that "In the event of a controversy between municipalities and the state . . . the court is required to make the ultimate determination."[4]

In that case, this court struck down a Madison ordinance which attempted to reduce policemen's salaries

[3] *Van Gilder v. Madison, supra,* footnote 2, at page 73.
[4] *Id.*

in a manner contrary to the method set forth in sec. 62.13, Stats. The decision concluded that the whole area of police regulation was primarily a matter of statewide concern and thus the charter ordinance adopted by the city of Madison was "ineffectual for any purpose." [5] Noting that ch. 193, Laws of 1935, expressly declared that sec. 62.13 was to be construed as an enactment of statewide concern, the court stated that legislative pronouncements on the scope of home rule, while not absolutely controlling, were nevertheless "entitled to great weight because matters of public policy are primarily for the legislature." [6]

In the instant case the lower court concluded that *Van Gilder* "rendered Charter Ordinance No. 22, which up to this time had been in full force and effect, ineffectual as an exercise of home rule." It went on to add, however, that ch. 704, Laws of 1951, "revived" Charter Ordinance No. 22, thus entitling petitioner to his pension. Ch. 704, sec. 3, Laws of 1951, reads as follows:

"SECTION 3. Chapter 589, laws of 1921, section 1. (69) is created to read:

". . . Section 1. (69) for the purpose of giving to cities of the first class the largest measure of self-government with respect to pension annuity and retirement systems compatible with the constitution and general law, it is hereby declared to be the legislative policy that all future amendments and alterations to this section are matters of local affair and government and shall not be construed as an enactment of statewide concern. Cities of the first class are hereby empowered to amend or alter the provisions of this section in the manner prescribed by section 66.01 of the statutes; provided that no such amendment or alteration shall modify the annuities, benefits or other rights of any person who is a member of the system prior to the effective date of such amendment or alteration. . . ."

[5] *Id.* at page 84.
[6] *Id.* at page 74.

Appellant takes issue with the trial court's conclusion and argues that Charter Ordinance No. 22 was not merely "unenforceable" between the date of the *Van Gilder Case* in 1936 and the enactment of ch. 704, Laws of 1951, but was a "nullity" and "ineffectual for any purpose" as was the Madison ordinance which was struck down in *Van Gilder*. Appellant further argues that Charter Ordinance No. 22 was not "revived" by ch. 704, sec. 3, Laws of 1951, because that legislative enactment referred to "future amendments" only and thus did not meet the standard of curative legislation. As appellant points out, to have a curative effect, legislation must name or identify in some way the void ordinance or clearly indicate an intent to validate the ordinance.[7]

However, appellant's position assumes that Charter Ordinance No. 22 was *invalidated* as a result of the *Van Gilder* decision and therefore needed curative legislation to again make it operative. This position assumes too much. Until now, Charter Ordinance No. 22 has never been challenged. It has never been struck down nor has it ever been repealed. Thus there has never been any need to "validate" it with curative legislation.

It would appear that the lower court in deciding that Charter Ordinance No. 22 was "unenforceable" between 1936 and 1951 was, in effect, saying that if the ordinance had been challenged during that period, it would undoubtedly have been struck down on the theory that it dealt with a matter of statewide concern. However, this did not happen.

Thus the narrow question before us is whether control over police pensions in cities of the first class is a matter of local interest when considered in light of presently

---

[7] 5 McQuillin, *Municipal Corporations* (3d ed.), p. 341, sec. 16.94; 37 Am. Jur., *Municipal Corporations*, p. 797, 798, sec. 168; *State v. Owen* (1955), 242 N. C. 525, 88 S. E. 2d 832; *Edward v. Mayor & Council of Borough of Moonachie* (1949), 3 N. J. 17, 68 Atl. 2d 744, reversing 3 N. J. Super. 10, 65 Atl. 2d 78; *Harris v. Reno* (1965), 81 Nev. 256, 401 Pac. 2d 678.

existing standards. The trial court, relying primarily on ch. 704, sec. 3, Laws of 1951, held that it is.

In an attempt to answer this question, it is proper for this court to look to relevant declarations of the legislature which, according to *Van Gilder*, are entitled to great weight in determining the scope of home rule. Prior to 1951, the legislature, through various enactments, had declared itself to the effect that the whole area of police pensions was a matter of statewide concern. In ch. 193, Laws of 1935, the legislature had provided, among other things, that the provisions of sec. 62.13, Stats., and ch. 589, Laws of 1921, were to be construed as enactments of statewide concern. Sec. 62.13 (9) deals with police pension funds for cities of the second and third class; and ch. 589, Laws of 1921, concerns pension funds for cities of the first class—*i.e.,* Milwaukee.

Also, in sub. (5) of sec. 61.65, Stats.,[3] requiring police pension funds for villages having a population of 5,000 or more, the legislature provided that:

"(5) The provisions of this section shall be construed as an enactment of statewide concern for the purpose of providing a uniform regulation of police and fire departments."

However, it appears that by ch. 704, sec. 3, Laws of 1951, the legislature determined that henceforth the narrow area of police pensions for cities of the first class (only the city of Milwaukee; ch. 589, Laws of 1921) was to be construed as a matter of local interest. Sec. 3 provided in part that ". . . it is hereby declared to be the legislative policy that all future amendments and alterations to this section are matters of local affair and government and shall not be construed as an enactment of statewide concern. . . ."

The fact that sec. 3 speaks in terms of "future amendments and alterations" to ch. 589, Laws of 1921, would

---

[3] Ch. 148, Laws of 1937.

not appear to be of serious consequence in that the real value and significance of sec. 3, with regard to the issue now before this court, is that it declares that the legislature presently considers the narrow area of police pension plans for cities of the first class (of which there is only one) to be a matter of local interest.

It is this broad declaration of public policy which is entitled to great weight by this court. This court is faced with a situation where the matters of state and local interests overlap. In reconciling *State ex rel. Ekern v. Milwaukee*,[9] with *Van Gilder v. Madison*,[10] in the opinion on rehearing in *Muench v. Public Service Comm.*,[11] this court recognized such a situation. It stated:

"There is no inconsistency in the different results reached by this court in *State ex rel. Ekern v. Milwaukee* and *Van Gilder v. Madison*. In both cases the court was confronted with a subject of legislation which partook both of the nature of a *'local affair'* and also that of *'statewide concern,'* but in the former case it held that the matter was primarily a *'local affair,'* while the latter decision held that the *'statewide concern'* feature was paramount." [12]

In *Ekern* this court recognized that the height of buildings was a matter of statewide concern. Nevertheless, it held that ". . . the height of buildings in a particular community is a problem and affair which much more intimately and directly concerns the inhabitants of that community than the casual visitor or the other parts of the state, and it is therefore a 'local affair' of such community within the amendment." [13]

So here, it appears that although the broad area of police regulation is predominately a matter of statewide

[9] (1926), 190 Wis. 633, 209 N. W. 860.

[10] *Supra,* footnote 2.

[11] (1952), 261 Wis. 492, 53 N. W. 2d 514, affirmed on rehearing, 261 Wis. 515c, 55 N. W. 2d 40.

[12] *Id.* at page 515j.

[13] *State ex rel. Ekern v. Milwaukee, supra,* footnote 9, at page 641.

concern, nevertheless, the modification of the police pension program for cities of the first class—particularly where that modification merely enables retired policemen to receive their pensions while employed as schoolteachers or in other noncivil service jobs in Milwaukee—seems overwhelmingly to be a matter of predominate local concern. It would seem that the state would have little interest in whether a retired policeman taught school in Milwaukee or in some other municipality. This is a matter of unique interest to Milwaukee.

Appellant cites *Columbia County v. Wisconsin Retirement Fund* [14] and *Barth v. Shorewood* [15] to support the view that police pensions are a matter of statewide concern. However, in *Barth* this court was dealing with police and fire pensions for villages of 5,000 or more under sec. 61.65, Stats. The need for uniformity among such villages on such pension matters is apparent; so, too, in *Columbia* was the need for uniformity in establishing county pension systems.

*By the Court.*—Judgment affirmed.

---

[14] (1962), 17 Wis. 2d 310, 116 N. W. 2d 142.
[15] (1938), 229 Wis. 151, 282 N. W. 89.