WISCONSIN ASSOCIATION OF FOOD DEALERS, and others, Plaintiffs-Appellants, v. CITY OF MADISON, and others, Defendants-Respondents.†

Court of Appeals

*No. 77–699. Argued December 13, 1978.—Decided March 20, 1979.*
(Also reported in 278 N.W.2d 481.)

† Petition to review granted.

For the plaintiffs-appellants there were briefs by *Richard L. Cates* and *John H. Bowers* of *Lawton & Cates,* and oral argument by *Richard L. Cates,* of *Lawton & Cates,* Madison.

For the defendants-respondents there was a brief by *Henry A. Gempeler,* city attorney, and *William A. Jansen,* assistant city attorney, and oral argument by *William A. Jansen,* assistant city attorney.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. This is an action for declaratory and injunctive relief to have sec. 23.44(2) of the Madison General Ordinances declared invalid and to enjoin the city from enforcing the ordinance.[1] The ordinance re-

[1] Sec. 23.44(2) of the Madison General Ordinances was adopted July 29, 1977 and provides,

After six (6) months following the date of adoption of this ordinance, it shall be unlawful for any person, firm or corporation to

quires retail outlets in the city selling milk in nonre-fillable containers equal to or greater than one gallon, also to offer for sale milk in returnable containers in "sufficient quantities." A forfeiture of not more than $200 attends each violation.

The plaintiffs-appellants consist of wholesale producers of milk products, retail marketers of milk within the city and trade associations representing milk products wholesalers and retail marketers in Wisconsin.

The circuit court denied plaintiffs' motion for a temporary injunction pending a hearing on the merits. This is an appeal from that order.

Plaintiffs advanced two arguments before the circuit court: first, that the ordinance conflicts with statutes and regulations of the State of Wisconsin and therefore violates art. XI, sec. 3 of the Wisconsin Constitution; second, that the ordinance is unconstitutionally vague. The circuit court held that the ordinance does not conflict with state legislation or regulations and that the ordinance is sufficiently definite. The court concluded that the plaintiffs have not established a reasonable probability of success on the merits of their attack upon the ordinance and denied the motion for a temporary injunction for that reason. The supreme court granted plaintiffs' motion to stay enforcement of the ordinance pending appeal.

The sole issue on this appeal is whether the circuit court abused its discretion in denying the temporary

---

sell, dispense or otherwise distribute at retail fluid milk products, including skim or skimmed, 1%, 2% or whole milk, whether fortified, homogenized or pasteurized, within the City of Madison in any container of a nonrefillable design equal to or greater than one gallon fluid volume, unless said person, firm or corporation offers for sale said fluid milk products in returnable, refillable, reusable containers. Offering of each of said milk products, such as 1% milk, in at least one size of returnable container, such as one gallon, regardless of product brand, shall be deemed compliance hereunder as long as sufficient quantities are offered.

injunction. *Waste Mgmt. v. Wis. Solid Waste Recycling Auth.*, 84 Wis.2d 462, 465, 267 N.W.2d 659 (1978); *Werner v. A. L. Grootemaat & Sons, Inc.*, 80 Wis.2d 513, 519, 259 N.W.2d 310 (1977); *Joint School v. Wisconsin Rapids Ed. Asso.*, 70 Wis.2d 292, 308, 234 N.W.2d 289 (1975).

In *Waste Mgmt. v. Wis. Solid Waste Recycling Auth.*, 84 Wis.2d 462, 465–467, the supreme court first determined whether the matter involved was substantial; second, whether without an injunction the status quo would be adversely affected; and, third, whether the movant had shown a reasonable probability of success on the merits. Having held that the cause was substantial and would preserve the status quo, the court proceeded to make a "preliminary assessment on the merits of the underlying dispute" to determine the "reasonable probability of ultimate success," held that the movant had failed to show that probability and sustained the order of the trial court denying the motion for a temporary injunction. The court therefore did not reach the questions of adequate remedy or harm. We apply the same analysis.

The significance of the matter covered by the ordinance is beyond dispute. If an injunction is not granted, the status quo will be affected because marketing practices may have to be modified. We are therefore led promptly to the primary issue: the likelihood that the plaintiffs will succeed on the merits.

## CONFLICT WITH STATEWIDE REGULATORY SYSTEM

The required availability of returnable as well as non-returnable milk containers involves local and statewide concerns. The local interest in requiring returnable containers is clear. The city must dispose of its trash. The local interest in trash collection is apparent to every

resident of the city. Trash collection and disposal can be assumed to be affected by the use of returnable containers.

Regulation of the use of returnable and non-returnable milk containers is also a matter of statewide concern because it affects the distribution of milk products. Section 97.24 (6) (a), Stats., provides,

Regulation of the production, processing and distribution of grade A milk and grade A milk products under minimum sanitary requirements which are uniform throughout the state and the United States is essential for the protection of consumers and the economic well-being of the dairy industry, and is therefore *a matter of state-wide concern;* however, nothing in this section shall impair or abridge the power of any municipality or county to regulate milk or milk products under sanitary requirements and standards which are in reasonable accord with those issued under this section . . . . (Emphasis supplied.)

The statewide concern in the regulation of milk containers is paramount over the local interest. Paramountcy is indicated by the legislative recognition of statewide concern in sec. 97.24 (6) (a), Stats., and by sec. 96.02, Stats., which provides in part: "The production, processing and marketing of agricultural commodities within this state is hereby declared to be affected with a public interest . . . ." Although not conclusive, legislative pronouncements on the nature of matters as being of statewide concern are entitled to great weight. *Van Gilder v. Madison,* 222 Wis. 58, 73, 74, 267 N.W. 25, 268 N.W. 108 (1936) ; *State ex rel. Brelsford v. Retirement Board,* 41 Wis.2d 77, 82–83, 163 N.W.2d 153 (1968) ; and *Menzer v. Elkhart Lake,* 51 Wis.2d 70, 78, 186 N.W.2d 290 (1971).

As the statewide concern is paramount, the power of the municipality to adopt an ordinance in this area must

come from a source other than art. XI, sec. 3, of the Wisconsin Constitution. *Wis. Environmental Decade, Inc. v. DNR,* 85 Wis.2d 518, 530–531, 271 N.W.2d 69 (1978); *State ex rel. Michalek v. LeGrand,* 77 Wis.2d 520, 529, 253 N.W.2d 505 (1977). "The *constitutional* authority of cities only extends to local affairs and does not cover matters of statewide concern." *Plymouth v. Elsner,* 28 Wis.2d 102, 106, 135 N.W.2d 799 (1965) (Emphasis supplied.)

A city ordinance may, notwithstanding statewide concern in the regulated conduct, be authorized by sec. 62.11(5), Stats., which provides,

Except as elsewhere in the statutes specifically provided, the council shall have the management and control of the city property, finances, highways, navigable waters, and the public service, and shall have power to act for the government and good order of the city, for its commercial benefit, and for the health, safety, and welfare of the public, and may carry out its powers by license, regulation, suppression, borrowing of money, tax levy, appropriation, fine, imprisonment, confiscation, and necessary or convenient means. The powers hereby conferred shall be in addition to all other grants, and shall be limited only by express language.

If a city ordinance exercises a power which the legislature could confer on the city, then the city possesses that power under sec. 62.11(5), Stats.,[2] unless, as provided by the statute, there is "express language" elsewhere in the statutes restricting, revoking or withdrawing the power, or unless, by judicial rule, state legislation is logically inconsistent with the existence of the power in the city. *Wis. Environmental Decade, Inc. v. DNR,* 85 Wis.2d 518, 534.[3] We believe the authority to

---

[2] *Hack v. Mineral Point,* 203 Wis. 215, 233 N.W.2d 82 (1931).

[3] *Wis. Environmental Decade, Inc. v. DNR,* 85 Wis.2d 518, 271 N.W.2d 69 (1978), approved the rule set forth by Solheim, *Con-*

require that returnable milk containers be made available to the public is such a power.

Thus, subject to the statutory and judicial limitations just described,

> [A]n otherwise legitimate exercise of this "general charter" power by the city is not rendered invalid and constitutionally defective merely because it deals with a matter of state-wide concern. Indeed, sec. 62.11(5), Stats., would be a nullity if it were construed to confer on municipalities only that authority which related to "local affairs" since that power is already constitutionally guaranteed by the home-rule amendment.

*Wis. Environmental Decade, Inc.,* 85 Wis.2d 518, 533 (footnote omitted).

No statute expressly restricts, revokes or withdraws the power of a city to require the use of returnable as well as non-returnable milk containers. Section 97.24 (6) (b), Stats., has been called to our attention. That statute provides,

> No sanitary requirement or standard issued under this section or contained in any ordinance shall prohibit the sale of grade A milk or grade A milk products which are produced and processed under laws or rules of any governmental unit, within or without this state, which are substantially equivalent to the requirements of the rules issued under this section . . . .

---

*flicts Between State Statutes and Local Ordinance in Wisconsin,* 1975 Wis. L. Rev. 840, 848:

2. If a municipality acts within the legislative grant of power but not within the constitutional initiative, the state may withdraw the power to act; so if there is logically conflicting legislation, or an express withdrawal of power, the local ordinance falls. Furthermore, if the state legislation does not logically conflict, or does not expressly withdraw power, it is possible that the local ordinance nevertheless must fall if an intent that such an ordinance not be made can be inferred from the fact that it defeats the purpose or goes against the spirit of the state legislation. (Footnote omitted.)

The Madison ordinance does not prohibit the sale of milk or milk products. No conflict exists between sec. 97.24 (6) (b), Stats., and the ordinance. As observed in *Fox v. Racine*, 225 Wis. 542, 546, 547, 275 N.W. 513 (1937),

The city does not attempt to authorize by this ordinance what the legislature has forbidden; nor does it forbid what the legislature has expressly licensed, authorized, or required. Under those circumstances there is nothing contradictory between the provisions of the statute and of the ordinance . . . .

The legislature has delegated broad powers concerning milk products to the Department of Agriculture. Section 97.24 (4), Stats., provides, "The department, in consultation with the department of health and social services, shall issue rules governing the production, transportation, processing, pasteurization, handling, identity, sampling, examination, labeling and sale of grade A milk and grade A milk products . . . ." The department has promulgated a comprehensive system of regulations of milk products, embodied in Wis. Adm. Code sec. Ag 80. The question arises whether the city's ordinance is logically inconsistent with the legislative delegation to the department or the administrative implementation of that delegation. We conclude no such inconsistency exists.

*Wis. Environmental Decade, Inc. v. DNR*, 85 Wis.2d 518, dealt with legislative delegation through sec. 144.025 (2) (i), Stats., to the Department of Natural Resources to "supervise chemical treatment of waters." The city of Madison adopted a resolution establishing a city policy preventing the chemical treatment of lakes within the city. The supreme court found the quality of the Madison area lakes to be "emphatically a matter of state-wide concern," 85 Wis.2d 518, 530, but that the power to prohibit chemical treatment of the lakes is one which the

legislature could confer on the city under sec. 62.11(5), Stats. The court found no express statutory withdrawal of the power from the city to regulate such treatment but concluded that the city's resolution and sec. 144.025 (2)(i) "as implemented by the DNR [were] diametrically opposed" and logically inconsistent and therefore voided the resolution.

The Madison milk ordinance, while arguably within the broad area of regulation delegated to the Department of Agriculture in sec. 97.24(4), Stats., is not logically inconsistent with existing departmental regulation. The department regulations pertaining to milk containers deal with sanitation but do not impose a requirement that returnable containers be made available. Wisconsin Adm. Code sec. Ag 80.08(11), (12) and (14) relate to sanitary aspects of "multi-use containers" and "single-service containers" for milk and milk products. Nothing in sec. Ag 80.08 or any other part of sec. Ag 80 requires the use of both returnable and non-returnable containers, prevents the use of either, or prevents municipalities from requiring the use of both.

The ordinance is not at cross purposes with the regulations. It moves in a direction which the department has not taken. The city is free to take this untrammeled path, pursuant to its power under sec. 62.11(5), Stats., absent an express withdrawal of the power and absent legislation or administrative rules which are logically inconsistent with the city's action.[4]

Accordingly, we conclude that appellants probably will not succeed in their first attack upon the ordinance.

[4] *Compare Caeredes v. Platteville*, 213 Wis. 344, 350, 251 N.W. 2d 245 (1933), where ordinances imposing more stringent requirements than general orders of the industrial commission were sustained because the city "moved in the same direction the commission did; it has gone farther but not counter to the building code."

## UNCONSTITUTIONAL VAGUENESS

The ordinance provides that offering milk products in at least one size of returnable container "shall be deemed compliance hereunder as long as sufficient quantities are offered." No definition of "sufficient quantities" appears in the ordinance. Plaintiffs contend that this renders the ordinance unconstitutionally vague.

The circuit court construed the ordinance as requiring the retailer to have on hand quantities sufficient to assure that most of the retailer's patrons who desire milk in returnable containers are able to purchase it. The trial court said, "Such a determination is made every day by businessmen for every item they stock. Sometimes too much stock may be ordered, sometimes too little, but certainly the ordinance's mandate is not so vague that the ordinary retailer cannot determine what is required of him."

We agree with the circuit court's conclusion that the ordinance is sufficiently definite. That conclusion is based upon the constitutional test, "Is the statute read as a whole so indefinite and vague that an ordinary person could not be cognizant of and alerted to the type of conduct, either active or passive, that is prohibited by statute?" *State v. Courtney,* 74 Wis.2d 705, 710, 247 N.W.2d 714 (1976). *Courtney* was recently approved in *State v. Tronca,* 84 Wis.2d 68, 85, 86, 267 N.W.2d 216 (1978), where the court also observed,

The statute need not meet impossible standards of specificity, however, to survive a challenge under the vagueness doctrine. *State v. Zwicker,* 41 Wis.2d 497, 164 N.W.2d 512 (1969), *appeal dismissed* 396 U.S. 26. All that is required is a fair degree of definiteness. *State v. Courtney,* 74 Wis.2d 705, 247 N.W.2d 714 (1976).

"(A) statute is not impermissibly vague if there is sufficient warning to one wishing to obey the law that his conduct comes near the proscribed area." *Tronca,* 84 Wis.2d 68, 86, citing *State v. Evjue,* 253 Wis. 146, 33 N.W.2d 305 (1948).

The United States Supreme Court has sustained statutory requirements comparable in generality to the "sufficient quantities" standard in the city's ordinance. A federal statute made it unlawful for a broadcasting licensee to employ "any person or persons in excess of the number of employees needed by such licensee to perform actual services." *United States v. Petrillo,* 332 U.S. 1, 8 (1946), held that the standard "conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. The Constitution requires no more." A Maryland statute affected the sale of "merchandise essential to, or customarily sold at, or incidental to, the operation of" certain bathing beaches and amusement parks. The Supreme Court sustained the constitutionality of the statute in *McGowan v. Maryland,* 366 U.S. 420, 428 (1961), against a charge of vagueness, stating,

We believe that business people of ordinary intelligence in the position of appellants' employer would be able to know what exceptions are encompassed by the statute either as a matter of ordinary commercial knowledge or by simply making a reasonable investigation at a nearby bathing beach or amusement park within the county. Under these circumstances, there is no necessity to guess at the statute's meaning in order to determine what conduct it makes criminal. (Citation omitted.)

As it appears from our preliminary assessment of the merits of the plaintiffs' action that they have not shown, on the current record, a reasonable probability that they will ultimately succeed upon the merits, we need not reach the issues of irreparable harm to the plaintiffs if the ordinance is not enjoined and whether other adequate

remedies are available to the plaintiffs. *Waste Mgmt. v. Wis. Solid Waste Recycling Auth.*, 84 Wis.2d 462, 267 N.W.2d 659.

*By the Court.*—Order denying motion for injunction affirmed.