Ralph ALLEN, Ellen Allen, and Olive Genz,
Petitioners-Appellants,

v.

JUNEAU COUNTY FOREST WITHDRAWAL APPEAL REVIEW
COMMITTEE, and Juneau County, Respondents.

Court of Appeals

*No. 80–694. Submitted on briefs June 5, 1980.—
Decided June 25, 1980.*
(Also reported in 295 N.W.2d 218.)

For the petitioners-appellants the cause was submitted on the brief of *Linda M. Clifford* of Madison.

For the respondent Juneau County Forest Withdrawal Appeal Review Committee the cause was submitted on the brief of *Ray C. Feldman, Jr.* of Mauston.

For the respondent County of Juneau the cause was submitted on the brief of *Hollis Thompson,* district attorney for Juneau county.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J.  Appellants appeal from an order of the Juneau County Circuit Court which dismissed their petition to review a decision by the Juneau County Forest Withdrawal Appeal Review Committee allowing Juneau County to withdraw 960 acres of its land from the forest land program.

Juneau County owns 1,800 acres of land which it had previously entered into a forest land program pursuant to sec. 28.11, Stats. The purpose of that program is to encourage the production of forest products, to develop recreational activities, to encourage wildlife, to protect watersheds and to stabilize stream flow.[1]  Section 28.11

---

[1] Section 28.11(1), Stats., states the purpose of county forest lands:

The purpose of this section is to provide the basis for a permanent program of county forests and to enable and encourage the planned development and management of the county forests for optimum production of forest products together with recreational opportunities, wildlife, watershed protection and stabilization of stream flow, giving full recognition to the concept of multiple-use to assure maximum public benefits; to protect the public rights, interests and investments in such lands; and to compensate the counties for the public uses, benefits and privileges these lands provide; all in a manner which will provide a reasonable revenue to the towns in which such lands lie.

(11) (a), provides the procedure for the county to withdraw forest lands from the program.[2]

---

[2] Section 28.11(11) (a), Stats., provides:

The county board may by resolution adopted by not less than two-thirds of its membership make application to the department to withdraw lands entered under this section. The county board shall first refer the resolution to the county forestry committee which shall consult with an authorized representative of the department in formulating its withhdrawal proposal. The county board shall not take final action thereon until 90 days after such referral or until the report thereon of the forestry committee has been filed with the board. Such application shall include the land description and a statement of the reasons for withdrawal and any restrictions or other conditions of use attached to the land proposed for withdrawal. Upon the filing of such application the department shall investigate the same and it may conduct a public hearing thereon if it deems it advisable at such time and place as it sees fit. If requested by the county in writing the department shall hold a public hearing. During the course of its investigation the department shall make an examination of the character of the land, the volume of timber, improvements and any other special values and in the case of withdrawal for the purpose of sale to any purchaser other than the state or a local unit of government it shall establish a minimum value on the lands to be withdrawn. In making its investigation the department shall give full weight and consideration to the purposes and principles set forth in sub. (1) and it shall also weigh and consider the benefits to the people of the state as a whole, as well as to the county, from the proposed use against the benefits accruing to the people of the state as a whole and to the county under the continued entry of such lands. If the department finds that the benefits after withdrawal outweigh the benefits under continued entry and that the lands will be put to a better and higher use it shall make an order withdrawing such lands from entry, otherwise it shall deny the application. If the application is denied the county board may by resolution adopted by not less than two-thirds of its membership appeal to a review committee. The department shall submit the findings of its investigation and of any hearing on a proposed withdrawal to the committee which shall be composed of one member appointed by the county board submitting the application for withdrawal; one member from another county which has land enrolled under the county forest law, this member

In September, 1975, the Juneau County Board of Supervisors (county board) decided to withdraw 960 acres of its land from the forest land program. It followed the procedure required by sec. 28.11(11)(a), Stats., and passed a resolution requesting the Department of Natural Resources (DNR) to issue an order withdrawing the 960 acres from the program.[3] The DNR held hearings and on December 6, 1978, denied the county's request. The county board appealed this denial to the Juneau

to be appointed by the governor and to be chairman of the review committee; one member appointed by the department; one member appointed by the university of Wisconsin from the college of agriculture; and a 5th member to be selected by unanimous vote of the appointed members or by the governor if they fail to achieve unanimity. This committee by majority vote shall, within 60 days after receiving the findings of the department, either approve the application for withdrawal if it finds the proposed use to be of a greater benefit considering all losses and benefits to the people of the state as a whole, as well as to the people of the county, or shall provisionally deny the application giving specific reasons why it finds the proposal deficient and making any suggestions for revising the application to reduce the conflict of the proposed use with the public interest. If the committee approves a withdrawal it shall notify the county board of its approval stating, as necessary, specific procedures to be followed by the county relating to such withdrawal. The county board may then by a resolution approved by not less than two-thirds of its membership, withdraw the lands from the county forest law and shall send copies of this resolution to the department and to the county register of deeds who shall record the same. If the committee provisionally denies the proposed withdrawal it may consider an amended application for withdrawal upon presentation of the application and supporting information, or it may require additional investigation of the amended application by the department before reconsidering the application. Any additional investigation shall include additional public hearings if requested by either the county, department or by the committee.

[3] Section 28.11(11)(a), Stats., requires that this resolution be adopted by a two-thirds majority of the county board membership. The resolution passed by the required number.

County Forest Withdrawal Appeal Review Committee.[4] The review committee approved the application for withdrawal on February 18, 1980, and the county board passed a resolution withdrawing the land from the county forest law.

On March 14, 1980, appellants petitioned the Dane County Circuit Court for judicial review of the Juneau County Forest Withdrawal Appeal Review Committee's decision pursuant to sec. 227.15, Stats. They asked the court to stay enforcement of the appeal review committee's order of February 18, 1980, and for a judgment holding sec. 28.11(11)(a), Stats., unconstitutional.

On April 16, 1980, the circuit court entered an order dismissing appellants' petition for lack of jurisdiction under ch. 227, Stats., and alternatively, if the order should be reversed on appeal, granting a motion for change of venue to Juneau County.

We conclude that the trial court did not have jurisdiction under ch. 227, Stats., to hear appellants' petition, and therefore properly dismissed it.

### Availability of Chapter 227 Review

Chapter 227, Stats., confers jurisdiction on the courts to review administrative decisions of state agencies. Section 227.01(1) defines "agency" as: "any board, commission, committee, department or officer in the state government, except the governor or any military or judicial officer of this state."

Because ch. 227 does not apply to decisions of municipalities, the threshold question of whether the Juneau County Forest Withdrawal Appeal Review Committee is a state agency, is jurisdictional. *Outagamie County v. Smith*, 38 Wis.2d 24, 155 N.W.2d 639 (1968).[5]

---

[4] *See* n. 2.

[5] As the court noted in *Outagamie County*, 38 Wis.2d at 32, 155 N.W.2d at 644:

Chapter 28 does not specify whether a forest withdrawal appeal review committee is a state agency, nor is there any express statutory provision for a ch. 227 review of the committee's approvals or provisional denials. There is no statutory reference to that committee as a state agency or as a county agency. Although the membership of the committee is not limited to residents of Juneau County,[6] it considers only lands located within Juneau County.

Appellants claim that the appeal review committee is a state agency because of the state-wide interest in the issues it considers. In its brief, the committee indicates that it considers itself either a governor's committee, since its chairman is appointed by the governor, a county committee, or an independent agency.

As sec. 28.11 (11) (a), Stats., is capable of being understood as creating a hybrid of a state and county committee, its nature is ambiguous. Ambiguity in a statute exists when a statute is capable of being understood by reasonably well-informed persons in two or more different senses. *Wirth v. Ehly,* 93 Wis.2d 433, 441, 287 N.W.2d 140 (1980). We may therefore look to matters outside the face of the statute to determine its meaning. *State v. Tollefson,* 85 Wis.2d 162, 167, 270 N.W.2d 201 (1978).

The threshold question is whether the action of the legislatively created site committee is reviewable at all by the circuit court. Or, to put it another way, does the judiciary have the jurisdiction to review the recommendation of the site committee and of the final selection made by the Governor, the Coordinating Committee for Higher Education, and the Building Commission.

[6] The forest withdrawal appeal review committee is composed of one member appointed by the county board; one member from another county which has land enrolled under the county forest law who is appointed by the governor; one member appointed by the department; one member appointed by the university of Wisconsin, college of agriculture; and, one member to be selected by unanimous vote of the appointed members, or by the governor.

Both parties refer to the legislative history of sec. 28.11(11), Stats. Prior to 1963, decisions to withdraw forest lands from the forest land program were made by each county. The Conservation Commission (now the DNR) gave recommendations for or against the sale of the property, but had no decision-making authority. Sec. 28.12, Stats. (1961). Chapter 345, Laws of 1963, shifted the decision to withdraw forest land from the counties to the Conservation Commission, with judicial review of the commission's orders provided by secs. 227.15 and 227.21, Stats.

In 1967, Senate Bill 56 again presented the legislature with the issue of who would decide whether forest lands could be withdrawn from a forest land program. The legislative analysis of Senate Bill 56 explained that the bill "shifts the final authority for withdrawal of county forest lands from the conservation commission to the county board of the county in which the forest lands are located." No forest land withdrawal appeal committee was contemplated by Senate Bill 56, nor was any provision for review included in the bill. Substitute amendment 2 to Senate Bill 56 proposed to give final authority for withdrawal of county forest lands to the "natural resources committee of state agencies," and expressly provided for judicial review of that agency's decisions pursuant to ch. 227. Substitute amendment 2 was not enacted. Substitute amendment 1 to Senate Bill 56, which was subsequently enacted, recommended the appeal review committee as is described in sec. 28.11(11)(a), Stats.

Thus the legislature expressly chose a composite appeal review committee over a state agency to review the DNR's decision. Moreover, by adopting substitute amendment 1, the legislature repealed the existing statute which had provided for ch. 227 review of the decision to withdraw county forest lands.

The function of a forest withdrawal appeal review committee is limited to reviewing requests to withdraw land owned by a single county. Section 28.11(11), Stats., requires the forest withdrawal appeal review committee to consider the interests of the people of the state as a whole, as well as those of the people of the county. However, the land in a county forest must be suited primarily for timber production. This use is primarily of county and not state-wide concern. Lands suited for scenic, outdoor recreation, public hunting and fishing, water conservation and other multi-use purposes are' not entered as county forest lands, but may be entered as county special-use lands. Sec. 28.11(4)(c). These uses, in contrast with timber production, are of greater state-wide concern.

Because the legislative history of sec. 28.11(11)(a), Stats., shows that the forest withdrawal appeal review committee was distinguished from a state agency, and because the committee's functions are primarily of county-wide concern, we hold that the Juneau County Forest Withdrawal Appeal Review Committee is not a state agency. Its decisions are therefore not reviewable pursuant to ch. 227, Stats.

*Constitutionality of Sec. 28.11, Stats.*

Appellants assert that sec. 28.11, Stats., is unconstitutional because it unlawfully delegates power in violation of art. IV, sec. 22, Wisconsin Constitution, because it establishes a biased appeal tribunal in violation of due process rights, and because it requires the appeal tribunal to approve the application for withdrawal.

Appellants cite *Wisconsin Environmental Decade v. D.N.R.*, 85 Wis.2d 518, 271 N.W.2d 69 (1978), and *Muench v. Public Service Comm.*, 261 Wis. 492, 53 N.W. 2d 514, *reh.* 55 N.W.2d 40 (1952), for the proposition

that the legislature may not delegate authority over matters of state-wide concern to municipalities, including counties. Those cases do not so hold.

*Wisconsin Environmental Decade,* 85 Wis.2d at 533, 271 N.W.2d at 76, involved a conflict between a city ordinance and a state statute. The court said:

In analyzing what powers the legislature could confer on Madison and whether primary jurisdiction over the quality of the waters of Lakes Mendota and Monona is in fact one such power, it should be understood that an otherwise legitimate exercise of this "general charter" power by the city is not rendered invalid and constitutionally defective merely because it deals with a matter of state-wide concern. (Footnote omitted.)

On rehearing the court stated in *Muench,* 261 Wis. at 515f, 55 N.W.2d at 42 :[7]

After due consideration, it is our conclusion that the proper construction of the word *"local,"* as used in sec. 22, art. IV, Const., is that which we stated in the original opinion in this case as including only those matters which *primarily* affect the people of the locality, and stands in opposition to *"matters of state-wide concern"* which affect all the people of the state. (Emphasis added to "primarily".)

This court recently said in *Wis. Asso. of Food Dealers v. City of Madison,* 89 Wis.2d 311, 317, 278 N.W.2d 481, 484 (Ct. App. 1979) :

A city ordinance may, notwithstanding statewide concern in the regulated conduct, be authorized by sec. 62.11 (5), Stats. . . .

We will not undertake the lengthy analysis[8] necessary to determine whether sec. 28.11 (11) (a), Stats., is

[7] *See also Menzer v. Elkhart Lake,* 51 Wis.2d 70, 78, 186 N.W. 2d 290 (1971), where *Muench,* 261 Wis. 492, was limited to its facts.

[8] For an example of that analysis as to a city ordinance, *see Wis. Asso. of Food Dealers,* 89 Wis.2d at 315–20. *See also* Solheim,

an unlawful delegation of authority in violation of art. IV, sec. 22, Wisconsin Constitution, upon appellant's nearly unsupported assertion that it is.

Appellants argue that sec. 28.11(11), Stats., is unconstitutional because it establishes a biased tribunal. As the county board may appoint only one member to the five-person committee, the majority of the committee members may or may not be sympathetic to the county board's position. The DNR also appoints a member. The statutory make-up of the appeal review committee reflects a variety of interests. We do not find that the appeal review committee is a biased tribunal.

An extension of the "bias" argument is appellants' complaint that because sec. 28.11(11)(a), Stats., only allows the review committee to approve or provisionally deny the application for withdrawal, there is an unconstitutional bias against individuals who oppose the withdrawal. The appellants do not refer to which provision of what constitution is offended by sec. 28.11(11)(a). Appellants' position seems to be that their constitutional rights are violated if there is no mechanism by which the county can be prevented from withdrawing its lands altogether. Appellants cite no authority for their position. We will not address a constitutional issue presented without supporting authority.

### Constitutional Right to Review of Committee's Decision

Appellants maintain in their brief that "the opportunity to obtain judicial review of an administrative

Conflicts Between State Statute and Local Ordinance in Wisconsin, 1975 Wis. L. Rev. 840, 844, and Sandalow, The Limits of Municipal Power Under Home Rule: A Role for the Courts, 48 Minn. L. Rev. 643, 708-22 (1964).

decision is a fundamental requirement of due process." They mistake the nature of sec. 28.11(11)(a), Stats. The statute does not create another administrative agency, but creates a condition precedent to the county board's legislative decision to withdraw lands from the county forest land program. Section 28.11 provides a mechanism for the DNR and the appeal review committee to force a county to consider the state's interest when it decides to withdraw forest lands.[9] The committee's authority to provisionally deny the application until a compromise is reached or the county complies with the committee's recommendations ensures that non-county interests will be accounted for by the county. Two-thirds of the county board members must vote to remove the land on at least two occasions. The ultimate decision to withdraw is a legislative function, and thus is subject to review by certiorari[10] or the ballot box and not by administrative review.

## Certiorari

The trial court indicated in its comments from the bench that appellants have a remedy by way of certiorari. Appellants did not request a writ of certiorari and claim that certiorari review is inadequate as it is limited to questions of law, and does not allow them to raise certain constitutional and procedural issues. Appellants conclude that this inadequate means of review deprives them of constitutional rights.

---

[9] We note that Juneau County began its attempts to withdraw the land in September, 1975. The legislature may well have considered the delay created by a statute of this sort as a sufficient protection for non-county interests.

[10] *Marquette Savings & Loan Ass'n. v. Village of Twin Lakes,* 38 Wis.2d 310, 156 N.W.2d 425 (1968); *State ex rel. B'nai B'rith F. v. Walworth County,* 59 Wis.2d 296, 208 N.W.2d 113 (1973); *Buhler v. Racine County,* 33 Wis.2d 137, 146 N.W.2d 403 (1966).

Appellants do not indicate which of their constitutional rights are infringed if they are limited to a writ of certiorari. We decline to consider a constitutional issue raised with this lack of specificity.

*By the Court.*—Order affirmed.