WISCONSIN ASSOCIATION OF FOOD DEALERS; Wisconsin Dairy Products Association, Inc.; Wisconsin Merchants Federation; Bancroft Dairy-Division of the Southland Corporation, Inc.; Borden's Inc.; Sherman Plaza Food Center, Inc.; Eagle Mid-Western Region Lucky Stores, Inc.; Lake Edge Market, Inc.; and Ullsvik's Food Market, Plaintiffs-Appellants-Petitioners,

v.

CITY OF MADISON, a municipal corporation; Carl Mohr, individually and as the director of the Public Health Department of the city of Madison; and Jack Thomus, individually and as the director of the Environmental and Consumer Protection Division of the Public Health Department of the city of Madison, Defendants-Respondents.

Supreme Court

*No. 77–699. Argued June 2, 1980.—Decided June 27, 1980.*

(Also reported in 293 N.W.2d 540.)

For the appellants-petitioners there were briefs by *Richard L. Cates, John H. Bowers* and *Lawton & Cates* of Madison, and oral argument by *John H. Bowers*.

For the defendants-respondents the cause was argued by *William A. Jansen,* assistant city attorney, with whom on the brief was *Henry A. Gempeler,* city attorney.

WILLIAM G. CALLOW, J. This is an action for declaratory and injunctive relief seeking to have sec. 23.-44(2) of the Madison General Ordinances declared invalid and to enjoin the city from enforcing the ordinance.[1] The ordinance requires retail outlets in Madison selling milk in nonrefillable containers equal to or greater than one gallon in volume to also offer milk for sale in "returnable, refillable, reusable" containers in "sufficient quantities." Violators of the ordinance are subject to a forfeiture of not more than $200. Sec. 23.60, Madison General Ordinances.

The plaintiffs, petitioners in this court, consist of wholesale producers of milk and milk products, retail marketers of milk within Madison, and trade associations representing milk and milk products wholesalers and retail marketers in Wisconsin. The petitioners moved the circuit court for a temporary injunction pending a hearing on the merits, advancing two arguments: First, that the ordinance is an invalid attempt to regulate an area preempted by the state; second, that the ordinance is unconstitutionally vague.

---

[1] Sec. 23.44(2) of the Madison General Ordinances was adopted July 29, 1977, and provides: "After six (6) months following the date of adoption of this ordinance, it shall be unlawful for any person, firm or corporation to sell, dispense or otherwise distribute at retail fluid milk products, including skim or skimmed, 1%, 2% or whole milk, whether fortified, homogenized or pasteurized, within the City of Madison in any container of a nonrefillable design equal to or greater than one gallon fluid volume, unless said person, firm or corporation offers for sale said fluid milk products in returnable, refillable, reusable containers. Offering of each of said milk products, such as 1% milk, in at least one size of returnable container such as one gallon, regardless of product brand, shall be deemed compliance hereunder as long as sufficient quantities are offered."

Ruling on the petitioners' request, the circuit court stated that the ordinance does not conflict with state legislation or regulations and that the ordinance is not unconstitutionally vague. The circuit court, therefore, concluded that the petitioners had not established a reasonable probability of success on the merits of their attack and denied the motion for a temporary injunction for that reason. This court granted petitioners' motion to stay enforcement of the ordinance pending appeal.

On appeal, the court of appeals affirmed the circuit court's order. *Wis. Asso. of Food Dealers v. City of Madison,* 89 Wis.2d 311, 278 N.W.2d 481 (Ct. App. 1979). The court of appeals correctly identified the sole issue as being whether the circuit court abused its discretion in denying the temporary injunction. *Id.* at 314–15. Then, like the circuit court, the court of appeals concluded the petitioners had not demonstrated a reasonable probability of success on the merits and affirmed the order denying the petitioners' motion, finding no abuse of discretion. Our review of the record, however, reveals a failure of the trial court to consider a matter relevant to the determination of the probability of the petitioners' success. This omission, we conclude, constitutes an abuse of the circuit court's discretion. Consequently, we reverse the decision of the court of appeals.

I.

Statutory authority for the issuance of a temporary injunction is provided by sec. 813.02(1), Stats., which provides:

"When it appears from his pleading that a party is entitled to judgment and any part thereof consists in restraining some act, the commission or continuance of which during the litigation would injure him, or when during the litigation it shall appear that a party is doing

or threatens or is about to do, or is procuring or suffering some act to be done in violation of the rights of another party and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act."

The denial of a temporary injunction under this statute is a matter within the discretion of the trial court, and the sole issue on appeal is whether the trial court abused its discretion.[2] The test is not whether the appellate court would grant the injunction but whether there was an abuse of discretion on the part of the trial court.[3] As to the exercise of this discretion, this court has stated the following guidelines:

"Injunctions, whether temporary or permanent, are not to be issued lightly. The cause must be substantial. A temporary injunction is not to be issued unless the movant has shown a reasonable probability of ultimate success on the merits. Temporary injunctions are to be issued only when necessary to preserve the status quo. Injunctions are not to be issued without a showing of a lack of adequate remedy at law and irreparable harm, but at the temporary injunction stage the requirement of irreparable injury is met by showing that, without it to preserve the status quo *pendente lite,* the permanent injunction sought would be rendered futile." (Footnotes omitted.)

*Werner v. A. L. Grootemaat & Sons, Inc.,* 80 Wis.2d 513, 520, 259 N.W.2d 310 (1977). With regard to an appellate court's review of the exercise of this discretion, we

---

[2] *See: Waste Management v. Wis. Solid Waste Recycling Authority,* 84 Wis.2d 462, 465, 267 N.W.2d 659 (1978); *Werner v. A. L. Grootemaat & Sons, Inc.,* 80 Wis.2d 513, 519, 259 N.W. 310 (1977); *Aqua-Tech v. Como Lake Protection & Rehabilitation District,* 71 Wis.2d 541, 545, 239 N.W.2d 25 (1976); *Pure Milk Products Coop. v. NFO,* 64 Wis.2d 241, 250, 219 N.W.2d 564 (1974).

[3] *Waste Management v. Wis. Solid Waste Recycling Authority,* 84 Wis.2d at 465; *Boerschinger v. Elkay Enterprises, Inc.,* 26 Wis. 2d 102, 122, 132 N.W.2d 258, 133 N.W.2d 333 (1965); *Shearer v. Congdon,* 25 Wis.2d 663, 666, 131 N.W.2d 377 (1964).

have indicated that an abuse of discretion may occur under the following circumstances:

"(1) Failure of the trial judge to consider and make a record of factors relevant to a discretionary determination in a particular case; (2) consideration of clearly irrelevant or improper factors; and (3) clearly giving too much weight to one factor."

*Joint School v. Wisconsin Rapids Education Asso.*, 70 Wis.2d 292, 309, 234 N.W.2d 289 (1975). *See also: Browne v. Milwaukee Board of School Directors*, 83 Wis.2d 316, 336, 265 N.W.2d 559 (1978).

As the court of appeals noted, "[t]he significance of the matter covered by the ordinance is beyond dispute. If an injunction is not granted, the status quo will be affected because marketing practices may have to be modified." *Wis. Asso. of Food Dealers v. City of Madison*, 89 Wis.2d at 315. Thus, like the court of appeals, we turn to the narrow issue presented by this case: whether the circuit court abused its discretion by denying the petitioners' motion for a temporary injunction on the ground that the petitioners had not shown a reasonable probability of ultimate success on the merits.

## II.

Madison General Ordinance sec. 23.44(2) implicates both local and statewide concerns. The availability to consumers of returnable milk containers clearly affects the city's interest in trash collection and disposal. Required use of returnable containers is also a matter of statewide concern because it affects the distribution of milk and milk products. Sec. 97.24(6)(a), Stats., provides:

"Regulation of the production, processing and distribution of grade A milk and grade A milk products under minimum sanitary requirements which are uniform

throughout the state and the United States is essential for the protection of consumers and the economic well-being of the dairy industry, and is therefore *a matter of state-wide concern;* however, nothing in this section shall impair or abridge the power of any municipality or county to regulate milk or milk products under sanitary requirements and standards which are in reasonable accord with those issued under this section." (Emphasis added.)

Sec. 96.02, Stats., provides:

"It is declared to be the policy of this state to promote orderly and efficient marketing of agricultural commodities and to prevent economic waste of the agricultural wealth of this state. Unfair methods of competition, lack of uniform grading and classification of agricultural commodities, and the inability of individual producers to obtain present markets or to develop new or larger markets for Wisconsin agricultural commodities result in disorderly marketing of such commodities. As a result agricultural producers are prevented from receiving a fair return for the products which they market. Such conditions jeopardize the continued production of an adequate food supply for this and other states, and may result in unemployment with its attendant burdens on the citizens of this state. The production, processing and marketing of agricultural commodities within this state is hereby declared to be affected with a public interest and this chapter is enacted for the purpose of protecting the health, peace, safety and general welfare of the people of this state."

Although not conclusive, legislative determinations that matters are of statewide concern are entitled to great weight.[4] These declarations indicate that the statewide concern is paramount. Because the statewide concern is paramount, Madison's power to adopt an ordinance

[4] *Menzer v. Elkhart Lake,* 51 Wis.2d 70, 77–78, 186 N.W.2d 290 (1971); *State ex rel. Brelsford v. Retirement Board,* 41 Wis.2d 77, 82–83, 163 N.W.2d 153 (1968); *Fond du Lac v. Empire,* 273 Wis. 333, 337, 338, 77 N.W.2d 699 (1956); *Van Gilder v. Madison,* 222 Wis. 58, 73, 74, 267 N.W. 25, 268 N.W. 108 (1936).

in this area must come from a source other than the home-rule amendment, Art. XI, Sec. 3, of the Wisconsin Constitution.[5] "The constitutional authority of cities only extends to local affairs and does not cover matters of statewide concern." *Plymouth v. Elsner,* 28 Wis.2d 102, 106, 135 N.W.2d 799 (1965). *See also: Muench v. Public Service Commission,* 261 Wis. 492, 53 N.W.2d 514, on rehearing 261 Wis. 515c, 515c–515d, 515j, 55 N.W.2d 40 (1952).

A city ordinance may be authorized by sec. 62.11(5), Stats., notwithstanding statewide concern in the matter it regulates. That section provides:

"Except as elsewhere in the statutes specifically provided, the council shall have the management and control of the city property, finances, highways, navigable waters, and the public service, and shall have power to act for the government and good order of the city, for its commercial benefit, and for the health, safety, and welfare of the public, and may carry out its powers by license, regulation, suppression, borrowing of money, tax levy, appropriation, fine, imprisonment, confiscation, and other necessary or convenient means. The powers hereby conferred shall be in addition to all other grants, and shall be limited only by express language."

If a city ordinance exercises a power which the legislature could confer on the city, then the city possesses the power under sec. 62.11(5)[6] unless there is express language elsewhere in the statutes restricting, revoking, or withdrawing the power, or unless state legislation is logically inconsistent with the existence of the power in the city. *See: Wis. Environmental Decade, Inc. v. DNR,* 85 Wis.2d 518, 534–35, 271 N.W.2d 69 (1978), quoting with approval, Comment, *Conflicts Between State Stat-*

---

[5] *Wis. Environmental Decade, Inc. v. DNR,* 85 Wis.2d 518, 530–31, 271 N.W.2d 69 (1978); *State ex rel. Michalek v. LeGrand,* 77 Wis.2d 520, 529, 253 N.W.2d 505 (1977).

[6] *Hack v. Mineral Point,* 203 Wis. 215, 219, 233 N.W. 82 (1931).

*ute and Local Ordinance in Wisconsin,* 1975 Wis. L. Rev. 840, 848. This court has added a further limitation on a municipality's exercise of authority pursuant to the legislature's broad grant of power in sec. 62.11(5); ordinances may not " 'infringe the spirit of a state law or . . . general policy of the state.' " *Fox v. Racine,* 225 Wis. 542, 545, 275 N.W. 513 (1937); *See also: Wis. Environmental Decade, Inc. v. DNR, supra* at 534–35.[7] Thus in determining whether a preemption challenge to an ordinance adopted pursuant to sec. 62.11(5) has a reasonable probability of success, a circuit court should assess whether express statutory language has withdrawn, revoked, or restricted the city's power; the probability that the challenged ordinance is logically inconsistent with state legislation; and the probability that the challenged ordinance infringes the spirit of a state law or general policy of the state.

The circuit court rejected the petitioners' preemption argument that the ordinance is invalid as violating Art. XI, Sec. 3, of the Wisconsin Constitution and sec. 62.11 (5), Stats., stating that "although the state has legislated in the area of milk production, the ordinance in question does not conflict with that legislation." (The relevant portion of the circuit court's memorandum decision is set forth below.)[8] Thus the circuit court deter-

---

[7] While our analysis in *Fox v. Racine,* 225 Wis. 542, 275 N.W. 513 (1937), has been questioned, *see,* Comment, *Conflicts Between State Statute and Local Ordinance in Wisconsin,* 1975 Wis. L. Rev. 840, 848 n. 51, we have since explicitly reaffirmed it. *Wis. Environmental Decade, Inc. v. DNR, supra* at 534. *See also: Nelson v. DNR,* 88 Wis.2d 1, 15, 276 N.W.2d 302 (Ct. App. 1979), *affd.* 96 Wis.2d 730, 292 N.W.2d 655 (1980).

[8] "It is the Court's opinion that plaintiffs' motion for a temporary injunction must be denied as they have not established a reasonable probability of success on the merits.

"Two arguments are advanced by the plaintiffs in support of their motion. The first is that the ordinance is invalid because

mined the plaintiffs had no reasonable probability of success on the merits without considering whether sec. 23.44(2), Madison General Ordinances, infringes the spirit or policy of state legislation or regulation. This omission constitutes a "[f]ailure of the trial judge to consider . . . factors relevant to a discretionary determination in a particular case." *Joint School v. Wisconsin Rapids Education Asso.*, 70 Wis.2d at 309; by denying the petitioners' motion, the circuit court abused its discretion.

That the court of appeals could have reached the same conclusion as did the circuit court after employing a proper analysis is irrelevant. "The court which is to exercise the discretion is the trial, not the appellate, court." *Culligan Inc. v. Rheaume*, 269 Wis. 242, 247–

---

it conflicts with statutes and regulations of the State of Wisconsin and is thus in violation of Article XI, Section 3 of the Wisconsin Constitution and sec. 66.11(5) [sic] [62.11(5)], Stats. The second is that the ordinance is unconstitutionally vague.

"The first argument must fail because although the state has legislated in the area of milk production, the ordinance in question does not conflict with that legislation. The law in this state is settled that a:

" 'City ordinance adopted under Home-Rule power will be upheld unless it is in *direct conflict* with a state statute on the same subject or is found to be unreasonable or arbitrary. (emphasis added).'

"*Johnston v. Sheboygan,* 30 Wis.2d 174 [sic] [179], 184, 140 N.W. 2d 247 (1966); *Milwaukee v. Piscuine,* 18 Wis.2d 599, 602, 119 N.W.2d 442 (1963); *Milwaukee v. Childs Co.,* 145 [sic] [195] Wis. 148, 151, 217 N.W. 703 (1928).

"Although the plaintiffs have pointed to state legislation in this area, particularly Secs. 46.02 [sic] [96.02], 47.24(6) [sic] [97.24 (6)], 97.24(b) [sic], and 98.12, Stats., they have not established that the ordinance in question directly conflicts with that legislation. Those statutes direct themselves primarily to the issue of uniform sanitary requirements for the production of milk and milk products. A local ordinance regulating the type of container such products must be offered in does not conflict with the requirement of uniform sanitary regulations."

48, 68 N.W.2d 810 (1955). Once it appeared that the circuit court's analysis was incomplete and that the circuit court therefore abused its discretion, the court of appeals should have reversed the order appealed from and remanded the matter to the circuit court for de novo consideration of the petitioners' motion. The court of appeals' attempt to remedy the circuit court's omission is incorrect and must be disregarded.

As for the petitioners' other contentions, we do not find any abuse of discretion on the part of the circuit court.

*By the Court.*—The decision of the court of appeals is reversed and cause remanded to the circuit court for further proceedings consistent with this opinion.